IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

No. 14-1198
Consolidated with Nos. 14-1227, 14-1244, 14-1245, and 14-1247

NICK PEARSON, *et al.*, and RICHARD JENNINGS,

*Plaintiffs-Appellees-Cross-Appellants,*

v.

NBTY, INC., *et al.*,

*Defendants-Appellees.*

Appeals of THEODORE H. FRANK,
SIMONE THOMAS, and PEGGY THOMAS

*Objectors-Appellants-Cross-Appellees.*

FRAP 10(b)(3)(A) Statement of the Issues

CENTER FOR CLASS ACTION FAIRNESS
Theodore H. Frank
Melissa Ann Holyoak
1718 M Street NW, No. 236
Washington, DC 20036
(703) 203-3848
tedfrank@gmail.com

*Attorneys for Appellant-Cross-Appellee Theodore H. Frank*

As required by Fed. R. App. Proc. 10(b)(3)(A), Appellant Theodore H. Frank submits the statement of the issues that he intends to present in appeal no. 14-1198:

1) Is it reversible error to approve a class-action settlement that provides that $1,134,716 will be paid to a third party as so-called *cy pres* instead of to class members, when (a) individual notice to millions of class members was feasible; (b) checks will be mailed out to 30,425 claimants in a class of twelve million people; and (c) it was possible to simplify the claims process so that class members would not be deterred from making a claim?

2) Did the district court commit reversible error in valuing the settlement as worth $20.2 million when (a) the settlement was structured to guarantee that less than one percent of the class would make claims and only $865,284 would actually be distributed to the class; (b) the district included all $4.5 million of hypothetically possible attorneys' fees as a settlement benefit, though $2.57 million of that amount reverted to the defendants; and (c) the district court included $1.5 million paid to a third party for notice as a class benefit?

3) Did the district court abuse its discretion by approving a class-action settlement where, of the $6.5 million constructive common fund actually paid by the defendants: (a) class attorneys received $1.93 million; (b) the defendants received a reversion of $2.57 million; (c) the Orthopedic Research and Education Foundation received $1,134,716; and (d) class members came in a distant fourth with prospective injunctive relief that the plaintiffs failed to prove had any value and $865,284 in distributions?

4) Is it reversible erorr to approve a class-action settlement where class counsel negotiated an excessive $4.5 million fee for itself, but over half that amount reverted to the defendants instead of the class because of self-dealing "kicker" and clear-sailing clauses designed to protect the fee request from scrutiny?

Dated: February 10, 2014           Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank
Melissa Ann Holyoak
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Telephone: (703) 203-3848
Email: tedfrank@gmail.com

*Attorneys for Objector-Appellant-Cross-Appellee*
*Theodore H. Frank*

**Certificate of Service**

I hereby certify that on February 10, 2014, I electronically filed this Statement of Issues with the Clerk of the United States Court of Appeals for the Seventh Circuit using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

In addition, I caused this filing to be sent by first-class mail to:

Peggy Thomas
Simone Thomas
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311

Dated: February 10, 2014.

*/s/ Theodore H. Frank*
Theodore H. Frank