APPEAL,GILBERT,TERMED

# United States District Court
## Northern District of Illinois – CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #:  1:11–cv–07972
### *Internal Use Only*

Pearson v. Target Corporation

Assigned to: Honorable James B. Zagel

Case in other court:  14–01227

14–01244

14–01245

14–01247

14–01389

Cause: 28:1332 Diversity–Other Contract

Date Filed: 11/09/2011

Date Terminated: 01/03/2014

Jury Demand: Defendant

Nature of Suit: 110 Contract: Insurance

Jurisdiction: Diversity

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/06/2013 | 141 | 3 | SUPPLEMENT to order, 140 *Plaintiffs' Supplemental Submission Regarding Total Payments To Be Made To Class Members* (Attachments: # 1 Exhibit A)(Weltman, Stewart) (Entered: 12/06/2013) |
| 01/03/2014 | 142 | 14 | MINUTE entry before the Honorable James B. Zagel: In accordance with the Court's Memorandum Opinion and Order, judgment on the final settlement is approved and attorneys' fees for the benefits of injunction and expenses are accepted as follows: $617,166.50 in fees and $57,398.04 in expenses to BFFB; $325,203.75 in fees to Weltman LLC; $52,432.50 in fees and $29,091.06 in expenses to LFSB; $938,790 in fees and $93,187.13 in expenses to DThe Court further approves reasonable incentive awards in the amount of $5,000 for each of the six named Plaintiffs, for a total of $30,000. Enter Memorandum Opinion and Order. All pending motions are moot. Civil case terminated. Counsel shall submit a final judgment order in accordance with the Court's Memorandum Opinion and Order, to the Court's proposed orders inbox. Mailed notice (ep, ) (Entered: 01/03/2014) |
| 01/03/2014 | 143 | 15 | MEMORANDUM Opinion and Order. Signed by the Honorable James B. Zagel on 1/3/2014. (ep, ) (Entered: 01/03/2014) |
| 01/22/2014 | 144 | 36 | FINAL Judgment and Order. Signed by the Honorable James B. Zagel on 1/22/2014. (ep, ) (Entered: 01/24/2014) |
| 01/29/2014 | 145 | 46 | NOTICE of appeal by Theodore H. Frank, Theodore H. Frank regarding orders 143 , 144 Filing fee $ 505, receipt number 0752–9148624. (Holyoak, Melissa) (Entered: 01/29/2014) |
| 02/02/2014 | 154 | 64 | NOTICE of appeal by Simone Thomas regarding orders 143 , 144 , 142 Filing fee $ 505, receipt number 4624114216. (smm) (Entered: 02/04/2014) |
| 02/02/2014 | 160 | 66 | NOTICE of appeal by Peggy Thomas regarding orders 143 , 144 , 142 . Filing fee $ 505, receipt number 4624114215. (smm) (Entered: 02/05/2014) |
| 02/03/2014 | 148 | 49 | |

|            |     |    |                                                                                                                                                                                 |
|------------|-----|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     |    | NOTICE of appeal by Nick Pearson regarding orders 143 , 144 Filing fee $ 505, receipt number 0752–9161906. (Weltman, Stewart) (Entered: 02/03/2014)                              |
| 02/03/2014 | 149 | 52 | DOCKETING Statement by Nick Pearson regarding notice of appeal 148 (Weltman, Stewart) (Entered: 02/03/2014)                                                                      |
| 02/04/2014 | 152 | 56 | NOTICE of appeal by Richard Jennings regarding orders 143 , 144 Filing fee $ 505, receipt number 0752–9166138. (Freiberg, Peter) (Entered: 02/04/2014)                           |
| 02/04/2014 | 153 | 59 | DOCKETING Statement by Richard Jennings regarding notice of appeal 152 (Freiberg, Peter) (Entered: 02/04/2014)                                                                   |
| 02/10/2014 | 168 | 68 | SEVENTH CIRCUIT transcript information sheet by Richard Jennings (Freiberg, Peter) (Entered: 02/10/2014)                                                                         |
| 02/10/2014 | 169 | 69 | SEVENTH CIRCUIT transcript information sheet by Theodore H. Frank, Theodore H. Frank (Attachments: # 1 Certificate of Service Certificate of Service)(Holyoak, Melissa) (Entered: 02/10/2014) |
| 02/12/2014 | 170 | 71 | SEVENTH CIRCUIT transcript information sheet by Nick Pearson (Weltman, Stewart) (Entered: 02/12/2014)                                                                            |
| 02/13/2014 | 171 | 73 | DESIGNATION by Richard Jennings, Nick Pearson of record on appeal (Freiberg, Peter) (Entered: 02/13/2014)                                                                        |
| 02/21/2014 | 175 | 77 | NOTICE of appeal by Kathleen McNeal, Alison Paul regarding orders 143 , 144 (Palmer, Joseph) (Entered: 02/21/2014)                                                               |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, on Behalf of Themselves and All Others Similarly Situated, | Case No.:  11 CV 07972 |
| Plaintiffs, | <u>CLASS ACTION</u> |
| v. | **Judge James B. Zagel** |
| NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation, | |
| Defendants. | |

## PLAINTIFFS' SUPPLEMENTAL SUBMISSION REGARDING TOTAL PAYMENTS TO BE MADE TO CLASS MEMBERS

Stewart M. Weltman
STEWART M. WELTMAN, LLC
53 W. Jackson, Suite 364
Chicago, Illinois 60604
Telephone: 312-588-5033
(Of Counsel: Levin Fishbein Sedran & Berman)

Elaine A. Ryan
Patricia N. Syverson
BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
2325 E. Camelback Rd., Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100

*Attorneys for Plaintiffs Nick Pearson, Francisco Padilla, Cecilia Linares, Augustina Blanco, and Abel Gonzalez*

Peter N. Freiberg
Jeffrey I. Carton
James R. Denlea
DENLEA & CARTON LLP
One North Broadway, Suite 509
White Plains, New York 10601
Telephone:  (914) 920-7400

*Attorneys for Plaintiff Richard Jennings*

Pursuant to this Court's December 5, 2013 Order, Plaintiffs submit the report of Heffler Claims Group setting forth the total number of claims made and the amounts to be paid to class members who have submitted claims (Exhibit A).  30,245 claims were filed, amounting to $865,284.00 to be distributed to the members of the Class.  As set forth in the Settlement Agreement, upon Court approval, an additional $1,134,716.00 will be provided as a *cy pres* award to Orthopedic Research and Education Foundation.  *See Hughes v. Kore of Indiana Enterprise, Inc.*, 731 F.3d 672, 675-676 (7th Cir. 2013) (Seventh Circuit's most recent affirmation of *cy pres* awards as an appropriate settlement vehicle in cases involving relatively small claims).

The Court has also invited Plaintiffs' Counsel to opine on the significance of the data presented in the Heffler report.  This is not a coupon settlement under CAFA, which might otherwise require a determination of the actual claims made and the value of the redress (*i.e.*, the coupons) provided to such claimants.  28 U.S.C. §1712.  The law is clear that in a non-coupon, claims-made settlement, the valuation of the monetary component of the settlement is, under *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) and its progeny,[1] the amount <u>made available</u> to <u>all</u> class members eligible to submit a claim.  (Parties' Joint Response to Objections, pp. 2, 4-7, Docket No. 113).  The notice to the Class was designed to reach as many households as possible, and the amount of claims made should not be viewed in isolation given the significant labeling changes required by the Parties' settlement agreement, which directly redress the allegations made in Plaintiffs' Complaint.  As further set forth in previous briefing, under the applicable valuation approach from *Boeing*, the minimum total benefit of the monetary relief is "either

---

[1] That CAFA's provisions were limited to coupon settlements means that the *Boeing* approach to valuation is still valid as to non-coupon settlements such as this.

1

$33.3 million or $20.2."  (Parties' Joint Response to Objections p. 2, Docket No. 113).  On this basis alone, "the attorneys' fees and expenses requested by Class Counsel are proportional to that value."  (*Id*.)

Moreover, the settlement provides "substantial and valuable injunctive relief…."  (Parties Joint Response to Objections p. 10, Docket No.113).   The Settlement requires a substantial labeling change that (1) will result in a more truthful marketplace, and (2) inevitably lead to more appropriate pricing.  *See FTC v. QT, Inc.,* 512 F.3d 858, 863 (7th Cir. 2008) ("One important reason for requiring truth is so that competition in the market will lead to appropriate prices.").  Thus, as more fully set forth in Plaintiffs' recently filed Supplemental Memorandum in Support of Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Expenses, and Incentive Awards (Docket No. 137), even without placing a precise monetary value on the injunctive relief, it can and should serve as the basis for final approval of the settlement, a substantial attorneys' fee and expense award, and incentive awards.  The Court has Plaintiffs' lodestar calculation before it, and should consider a reasonable multiplier to reward Class Counsel for the significant result obtained for the Class.  Reducing the agreed-upon fee (which is in proportion to the value of the settlement) will not benefit the Class.

For the foregoing reasons, Plaintiffs respectfully submit that the settlement should be finally approved and Plaintiffs and their counsel should be rewarded for producing this result.

Dated:  December 6, 2013                    By:   /s/Stewart M. Weltman
                                            Stewart M. Weltman
                                            STEWART M. WELTMAN, LLC
                                            53 W. Jackson, Suite 364
                                            Chicago, Illinois 60604
                                            Telephone: 312-588-5033
                                            (Of Counsel: Levin Fishbein Sedran & Berman)

2

Elaine A. Ryan (ID 021870)
Patricia N. Syverson *(Admitted Pro Hac Vice)*
BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
2325 E. Camelback Rd., Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100

*Attorneys for Plaintiffs Nick Pearson, Francisco
Padilla, Cecilia Linares, Augustina Blanco, and
Abel Gonzalez*

Peter N. Freiberg *(Admitted Pro Hac Vice)*
Jeffrey I. Carton *(Admitted Pro Hac Vice)*
James R. Denlea *(Admitted Pro Hac Vice)*
DENLEA & CARTON LLP
One North Broadway, Suite 509
White Plains, New York 10601
Telephone:   (914) 920-7400

*Attorneys for Plaintiff Richard Jennings*

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2013, a true and correct copy of the following document was electronically filed and served on all counsel of record in this action who are deemed to have consented to electronic service via the Court's CM/ECF system:

**SUPPLEMENTAL SUBMISSION REGARDING TOTAL PAYMENTS TO BE MADE TO CLASS MEMBERS**

I also certify that the foregoing document is being served by U.S. Mail this day on all counsel of record or *pro se* parties identified below who are not authorized to receive electronically Notices of Electronic Filing.

C. Jane Radlinski
309 E. Church Street
Jacksonville, FL 32202-2725
(904) 633-2699
*Pro se* Objector

John Michael Buckley
370 Canyon Spring Dr.
Rio Vista, CA 94571
(707) 374-3853
*Pro se* Objector

Peggy Thomas
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311
(954) 761-1589
*Pro se* Objector

Simone Thomas
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311
(305) 903-6935
*Pro se* Objector

Rhonda L. Paulson
13383 E. Marie Creek Road
Couer d'Alene, ID 83814
*Pro se* Objector

Donald Charles Koneval
8314 Manorford Drive
Parma, OH 44129-5309
(440) 842-6232
*Pro se* Objector

Anthony Leardi
1813 Renwick Street
Bethlehem, PA 18017
(610) 865-7821
*Pro se* Objector

Joseph Darrell Palmer
Law Office of Darrell Palmer PC
603 N. Highway 101, Suite A
Solana Beach, CA 92075
(858) 792-5600
Attorney for Objectors Kathleen
McNeal and Alison Paul

4

Melissa A. Holyoak
Center for Class Action Fairness
1718 M Street NW, No. 236
Washington, DC 20036
(573) 823-5377
Attorney for Objector Ted Frank


Steve A. Miller
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO  80202
(303) 892-9933
Attorney for Objector Pamela Easton


John C. Kress (53396MO)
The Kress Law Firm, LLC
4247 S. Grand Blvd.
St. Louis, MO 63111
(314) 631-3883
Attorney for Objector Pamela Easton

Jonathan E. Fortman #40319
250 Saint Catherine Street
Florissant, Missouri 63031
(314) 522-2312
Attorney for Objector Pamela
     Easton


Maureen Connors (0074094OH)
6625 Pearl Road
Parma Heights, OH 44130
(216) 640-9860
Attorney for Objector Pamela
Easton


By:   /s/Stewart M. Weltman
Stewart M. Weltman
STEWART M. WELTMAN, LLC
53 W. Jackson, Suite 364
Chicago, Illinois 60604
Telephone: 312-588-5033
(Of Counsel: Levin Fishbein Sedran & Berman)

5

EXHIBIT A

| ALL CLAIMS | | | | |
|---|---|---|---|---|
| Date Received | Count | Documented Bottles @ $5 | Undocumented Bottles @ $3 | Total Claimed |
| 06/17/13 | 546 | $         925.00 | $      4,740.00 | $      5,665.00 |
| 06/18/13 | 986 | 805.00 | 10,254.00 | 11,059.00 |
| 06/19/13 | 520 | 420.00 | 5,196.00 | 5,616.00 |
| 06/20/13 | 535 | 795.00 | 5,424.00 | 6,219.00 |
| 06/21/13 | 426 | 960.00 | 4,209.00 | 5,169.00 |
| 06/22/13 | 214 | 305.00 | 2,097.00 | 2,402.00 |
| 06/23/13 | 190 | 330.00 | 1,986.00 | 2,316.00 |
| 06/24/13 | 661 | 1,745.00 | 6,531.00 | 8,276.00 |
| 06/25/13 | 296 | 905.00 | 2,928.00 | 3,833.00 |
| 06/26/13 | 184 | 915.00 | 1,668.00 | 2,583.00 |
| 06/27/13 | 206 | 1,190.00 | 1,848.00 | 3,038.00 |
| 06/28/13 | 176 | 1,070.00 | 1,560.00 | 2,630.00 |
| 06/29/13 | 106 | 540.00 | 972.00 | 1,512.00 |
| 06/30/13 | 109 | 435.00 | 999.00 | 1,434.00 |
| 07/01/13 | 201 | 1,445.00 | 1,827.00 | 3,272.00 |
| 07/02/13 | 142 | 745.00 | 1,206.00 | 1,951.00 |
| 07/03/13 | 82 | 360.00 | 762.00 | 1,122.00 |
| 07/04/13 | 62 | 85.00 | 567.00 | 652.00 |
| 07/05/13 | 209 | 1,520.00 | 1,731.00 | 3,251.00 |
| 07/06/13 | 374 | 185.00 | 3,765.00 | 3,950.00 |
| 07/07/13 | 400 | 155.00 | 4,089.00 | 4,244.00 |
| 07/08/13 | 668 | 335.00 | 6,618.00 | 6,953.00 |
| 07/09/13 | 742 | 1,610.00 | 6,999.00 | 8,609.00 |
| 07/10/13 | 583 | 660.00 | 5,760.00 | 6,420.00 |
| 07/11/13 | 516 | 1,075.00 | 4,827.00 | 5,902.00 |
| 07/12/13 | 700 | 1,235.00 | 6,726.00 | 7,961.00 |
| 07/13/13 | 566 | 790.00 | 5,421.00 | 6,211.00 |
| 07/14/13 | 433 | 580.00 | 4,047.00 | 4,627.00 |
| 07/15/13 | 691 | 2,775.00 | 6,135.00 | 8,910.00 |
| 07/16/13 | 572 | 815.00 | 5,664.00 | 6,479.00 |
| 07/17/13 | 524 | 1,485.00 | 4,866.00 | 6,351.00 |
| 07/18/13 | 365 | 910.00 | 3,396.00 | 4,306.00 |
| 07/19/13 | 270 | 695.00 | 2,553.00 | 3,248.00 |
| 07/20/13 | 211 | 380.00 | 2,091.00 | 2,471.00 |
| 07/21/13 | 203 | 485.00 | 1,893.00 | 2,378.00 |
| 07/22/13 | 307 | 1,010.00 | 2,805.00 | 3,815.00 |
| 07/23/13 | 361 | 1,560.00 | 3,207.00 | 4,767.00 |
| 07/24/13 | 242 | 860.00 | 2,172.00 | 3,032.00 |
| 07/25/13 | 273 | 1,170.00 | 2,385.00 | 3,555.00 |
| 07/26/13 | 229 | 620.00 | 2,202.00 | 2,822.00 |
| 07/27/13 | 139 | 195.00 | 1,392.00 | 1,587.00 |
| 07/28/13 | 119 | 360.00 | 1,131.00 | 1,491.00 |
| 07/29/13 | 192 | 640.00 | 1,719.00 | 2,359.00 |
| 07/30/13 | 178 | 1,010.00 | 1,485.00 | 2,495.00 |

| 07/31/13 | 226 | 1,450.00 | 1,914.00 | 3,364.00 |
|---|---|---|---|---|
| 08/01/13 | 164 | 370.00 | 1,569.00 | 1,939.00 |
| 08/02/13 | 163 | 1,020.00 | 1,368.00 | 2,388.00 |
| 08/03/13 | 102 | 250.00 | 1,005.00 | 1,255.00 |
| 08/04/13 | 97 | 250.00 | 978.00 | 1,228.00 |
| 08/05/13 | 249 | 1,730.00 | 2,022.00 | 3,752.00 |
| 08/06/13 | 146 | 490.00 | 1,269.00 | 1,759.00 |
| 08/07/13 | 402 | 3,610.00 | 3,060.00 | 6,670.00 |
| 08/08/13 | 128 | 750.00 | 1,125.00 | 1,875.00 |
| 08/09/13 | 156 | 775.00 | 1,407.00 | 2,182.00 |
| 08/10/13 | 82 | 140.00 | 801.00 | 941.00 |
| 08/11/13 | 85 | 210.00 | 909.00 | 1,119.00 |
| 08/12/13 | 106 | 290.00 | 1,101.00 | 1,391.00 |
| 08/13/13 | 128 | 660.00 | 1,248.00 | 1,908.00 |
| 08/14/13 | 147 | 1,110.00 | 1,245.00 | 2,355.00 |
| 08/15/13 | 73 | 310.00 | 738.00 | 1,048.00 |
| 08/16/13 | 110 | 735.00 | 954.00 | 1,689.00 |
| 08/17/13 | 45 | 70.00 | 474.00 | 544.00 |
| 08/18/13 | 71 | 160.00 | 729.00 | 889.00 |
| 08/19/13 | 109 | 435.00 | 1,065.00 | 1,500.00 |
| 08/20/13 | 163 | 825.00 | 1,470.00 | 2,295.00 |
| 08/21/13 | 124 | 530.00 | 1,311.00 | 1,841.00 |
| 08/22/13 | 116 | 650.00 | 1,098.00 | 1,748.00 |
| 08/23/13 | 156 | 655.00 | 1,539.00 | 2,194.00 |
| 08/24/13 | 89 | 80.00 | 957.00 | 1,037.00 |
| 08/25/13 | 72 | 105.00 | 762.00 | 867.00 |
| 08/26/13 | 129 | 380.00 | 1,347.00 | 1,727.00 |
| 08/27/13 | 121 | 270.00 | 1,263.00 | 1,533.00 |
| 08/28/13 | 125 | 750.00 | 1,116.00 | 1,866.00 |
| 08/29/13 | 84 | 170.00 | 849.00 | 1,019.00 |
| 08/30/13 | 141 | 655.00 | 1,302.00 | 1,957.00 |
| 08/31/13 | 61 | 10.00 | 699.00 | 709.00 |
| 09/01/13 | 76 | 235.00 | 783.00 | 1,018.00 |
| 09/02/13 | 90 | 185.00 | 987.00 | 1,172.00 |
| 09/03/13 | 104 | 225.00 | 1,074.00 | 1,299.00 |
| 09/04/13 | 102 | 585.00 | 963.00 | 1,548.00 |
| 09/05/13 | 66 | 155.00 | 702.00 | 857.00 |
| 09/06/13 | 73 | 200.00 | 801.00 | 1,001.00 |
| 09/07/13 | 38 | 15.00 | 381.00 | 396.00 |
| 09/08/13 | 51 | 20.00 | 564.00 | 584.00 |
| 09/09/13 | 113 | 855.00 | 981.00 | 1,836.00 |
| 09/10/13 | 80 | 445.00 | 732.00 | 1,177.00 |
| 09/11/13 | 68 | 235.00 | 663.00 | 898.00 |
| 09/12/13 | 91 | 330.00 | 930.00 | 1,260.00 |
| 09/13/13 | 97 | 385.00 | 957.00 | 1,342.00 |
| 09/14/13 | 51 | 10.00 | 576.00 | 586.00 |
| 09/15/13 | 68 | 70.00 | 807.00 | 877.00 |

| 09/16/13 | 142 | 280.00 | 1,431.00 | 1,711.00 |
| 09/17/13 | 245 | 365.00 | 2,676.00 | 3,041.00 |
| 09/18/13 | 145 | 50.00 | 1,641.00 | 1,691.00 |
| 09/19/13 | 111 | 410.00 | 1,095.00 | 1,505.00 |
| 09/20/13 | 94 | 280.00 | 939.00 | 1,219.00 |
| 09/21/13 | 68 | 155.00 | 729.00 | 884.00 |
| 09/22/13 | 80 | 100.00 | 855.00 | 955.00 |
| 09/23/13 | 112 | 595.00 | 1,023.00 | 1,618.00 |
| 09/24/13 | 100 | 275.00 | 1,020.00 | 1,295.00 |
| 09/25/13 | 83 | 115.00 | 894.00 | 1,009.00 |
| 09/26/13 | 71 | 215.00 | 753.00 | 968.00 |
| 09/27/13 | 46 | 160.00 | 480.00 | 640.00 |
| 09/28/13 | 49 | 175.00 | 495.00 | 670.00 |
| 09/29/13 | 75 | 180.00 | 819.00 | 999.00 |
| 09/30/13 | 103 | 490.00 | 984.00 | 1,474.00 |
| 10/01/13 | 106 | 325.00 | 1,116.00 | 1,441.00 |
| 10/02/13 | 71 | 155.00 | 771.00 | 926.00 |
| 10/03/13 | 86 | 515.00 | 786.00 | 1,301.00 |
| 10/04/13 | 65 | 510.00 | 561.00 | 1,071.00 |
| 10/05/13 | 45 | 55.00 | 507.00 | 562.00 |
| 10/06/13 | 49 | 135.00 | 531.00 | 666.00 |
| 10/07/13 | 77 | 405.00 | 744.00 | 1,149.00 |
| 10/08/13 | 93 | 525.00 | 882.00 | 1,407.00 |
| 10/09/13 | 70 | 165.00 | 729.00 | 894.00 |
| 10/10/13 | 48 | 110.00 | 486.00 | 596.00 |
| 10/11/13 | 70 | 70.00 | 753.00 | 823.00 |
| 10/12/13 | 68 | 185.00 | 789.00 | 974.00 |
| 10/13/13 | 61 | 50.00 | 693.00 | 743.00 |
| 10/14/13 | 91 | 65.00 | 1,011.00 | 1,076.00 |
| 10/15/13 | 84 | 160.00 | 954.00 | 1,114.00 |
| 10/16/13 | 108 | 680.00 | 1,026.00 | 1,706.00 |
| 10/17/13 | 78 | 80.00 | 840.00 | 920.00 |
| 10/18/13 | 46 | 135.00 | 480.00 | 615.00 |
| 10/19/13 | 53 | 125.00 | 552.00 | 677.00 |
| 10/20/13 | 39 | 100.00 | 432.00 | 532.00 |
| 10/21/13 | 80 | 490.00 | 771.00 | 1,261.00 |
| 10/22/13 | 70 | 285.00 | 768.00 | 1,053.00 |
| 10/23/13 | 93 | 235.00 | 1,047.00 | 1,282.00 |
| 10/24/13 | 53 | 330.00 | 513.00 | 843.00 |
| 10/25/13 | 43 | 235.00 | 381.00 | 616.00 |
| 10/26/13 | 26 | 140.00 | 258.00 | 398.00 |
| 10/27/13 | 31 | 90.00 | 348.00 | 438.00 |
| 10/28/13 | 107 | 525.00 | 1,044.00 | 1,569.00 |
| 10/29/13 | 59 | 205.00 | 651.00 | 856.00 |
| 10/30/13 | 56 | 150.00 | 639.00 | 789.00 |
| 10/31/13 | 51 | 135.00 | 537.00 | 672.00 |
| 11/01/13 | 63 | 390.00 | 558.00 | 948.00 |

| 11/02/13 | 36 | 80.00 | 402.00 | 482.00 |
| 11/03/13 | 27 | 110.00 | 267.00 | 377.00 |
| 11/04/13 | 93 | 710.00 | 852.00 | 1,562.00 |
| 11/05/13 | 71 | 100.00 | 798.00 | 898.00 |
| 11/06/13 | 62 | 445.00 | 588.00 | 1,033.00 |
| 11/07/13 | 58 | 160.00 | 627.00 | 787.00 |
| 11/08/13 | 76 | 590.00 | 696.00 | 1,286.00 |
| 11/09/13 | 48 | 100.00 | 543.00 | 643.00 |
| 11/10/13 | 72 | 180.00 | 723.00 | 903.00 |
| 11/11/13 | 63 | 190.00 | 627.00 | 817.00 |
| 11/12/13 | 89 | 285.00 | 921.00 | 1,206.00 |
| 11/13/13 | 65 | 210.00 | 675.00 | 885.00 |
| 11/14/13 | 89 | 545.00 | 840.00 | 1,385.00 |
| 11/15/13 | 46 | - | 612.00 | 612.00 |
| 11/16/13 | 35 | 140.00 | 360.00 | 500.00 |
| 11/17/13 | 40 | 110.00 | 402.00 | 512.00 |
| 11/18/13 | 113 | 825.00 | 1,023.00 | 1,848.00 |
| 11/19/13 | 96 | 630.00 | 891.00 | 1,521.00 |
| 11/20/13 | 55 | 220.00 | 573.00 | 793.00 |
| 11/21/13 | 84 | 640.00 | 816.00 | 1,456.00 |
| 11/22/13 | 69 | 540.00 | 579.00 | 1,119.00 |
| 11/23/13 | 52 | 305.00 | 495.00 | 800.00 |
| 11/24/13 | 58 | 235.00 | 576.00 | 811.00 |
| 11/25/13 | 93 | 450.00 | 990.00 | 1,440.00 |
| 11/26/13 | 461 | 1,270.00 | 5,097.00 | 6,367.00 |
| 11/27/13 | 270 | 570.00 | 2,913.00 | 3,483.00 |
| 11/28/13 | 108 | 130.00 | 1,239.00 | 1,369.00 |
| 11/29/13 | 128 | 205.00 | 1,446.00 | 1,651.00 |
| 11/30/13 | 128 | 230.00 | 1,452.00 | 1,682.00 |
| 12/01/13 | 189 | 345.00 | 2,085.00 | 2,430.00 |
| 12/02/13 | 422 | 2,945.00 | 4,119.00 | 7,064.00 |
| 12/03/13 | 1,974 | 2,700.00 | 22,299.00 | 24,999.00 |
| 12/04/13 | 247 | 1,000.00 | 2,634.00 | 3,634.00 |
| 12/05/13 | 17 | 225.00 | 102.00 | 327.00 |
| | 30,245 | $ 89,960.00 | $ 297,702.00 | $ 387,662.00 |
| Paragraph 17(d)(i): | | $ 269,880.00 | $ 297,702.00 | $ 567,582.00 |
| Paragraph 17(d)(ii): | | $ 269,880.00 | $ 595,404.00 | $ 865,284.00 |
| Make Up to $2MM: | | | | $ 1,134,716.00 |

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 5.1.1
### Eastern Division

Nick Pearson, et al.

<div style="text-align:center">Plaintiff,</div>

v.

Target Corporation, et al.

<div style="text-align:center">Defendant.</div>

Case No.: 1:11–cv–07972

Honorable James B. Zagel

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, January 3, 2014:

     MINUTE entry before the Honorable James B. Zagel: In accordance with the Court's Memorandum Opinion and Order, judgment on the final settlement is approved and attorneys' fees for the benefits of injunction and expenses are accepted as follows: $617,166.50 in fees and $57,398.04 in expenses to BFFB; $325,203.75 in fees to Weltman LLC; $52,432.50 in fees and $29,091.06 in expenses to LFSB; $938,790 in fees and $93,187.13 in expenses to D The Court further approves reasonable incentive awards in the amount of $5,000 for each of the six named Plaintiffs, for a total of $30,000. Enter Memorandum Opinion and Order. All pending motions are moot. Civil case terminated. Counsel shall submit a final judgment order in accordance with the Court's Memorandum Opinion and Order, to the Court's proposed orders inbox. Mailed notice(ep, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, on Behalf of Themselves and All Others Similarly Situated, | No. 11 CV 7972 Judge James B. Zagel |
| Plaintiffs, | |
| v. | |
| NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida Corporation; and TARGET CORPORATION, a Minnesota Corporation, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

The resolution of a class action by settlement agreement with NBTY, Inc. ("NBTY"),

Rexall Sundown, Inc. ("Rexall"), and Target Corporation ("Target") is now before us. Class

Objectors challenge the settlement, contending that excessive attorneys' fees awarded to class

counsel will result in a settlement that is not "fair, adequate and reasonable," in violation of Fed.

R. Civ. P. 23(h).

## FACTS AND PROCEEDINGS

A. Background

Defendants NBTY, Rexall, and Target are in the business of marketing, selling, and

distributing, amongst many hundreds of products, a line of joint-health dietary supplements

called "Up & Up Glucosamine." Within this line are two separate products. The first is Triple

Strength Glucosamine Chondroitin plus MSM ("Up & Up Triple Strength").  The second is Advanced Glucosamine Chondroitin Complex ("Up & Up Advanced").  The labeling on both products make similar representations as to the beneficial effect the product has on joint health. For example, both products' labeling states that the supplement helps to "maintain the structural integrity of joints."  The Up & Up Advanced label also states that it will "help rebuild cartilage" and "lubricate joints."  The Up & Up Triple Strength label states that the supplement "supports mobility and flexibility."

In or around June 2011, Plaintiff Nick Pearson ("Pearson") decided to purchase a bottle of Up & Up Triple Strength based on the representations made on the product's labeling. Plaintiff used the product as directed but did not experience any of the beneficial effects represented on its packaging. Subsequently, Pearson became aware of several clinical studies that suggested the active ingredients in the supplement, Glucosamine and Chondroitin, are ineffective in relieving symptoms of or actually curing joint-related ailments. Pearson alleges that, had he known that Defendant's representations about Glucosamine and Chondroitin were false, he would not have purchased Up & Up Triple Strength. Therefore, he claims he has suffered injury through loss of the money he spent on the product.

Similarly, starting as early as 1997 and continuing through the Class Period, Plaintiffs Francisco Padilla, Cecilia Linares, Augustina Blanco, Abel Gonzalez, and Richard Jennings were exposed to and saw Defendants' representations on the labels of Defendants' various products. After reading the representations on the label, Plaintiffs purchased and consumed Defendants' products as directed.  Plaintiffs did not have the joint health benefits as represented.

B. Procedural Background

This case commenced as six separate federal court actions across the country involving various joint health dietary supplements manufactured or sold by Defendants.  These actions were entitled: *Cardenas and Padilla v. NBTY, Inc and Rexall Sundown, Inc.*, No. 2:11-cv-01615-LKK-CKD (E.D. Cal.) (filed June 14, 2011); *Jennings v. Rexall Sundown, Inc.*, No. 1:11-cv-11488-WGY (D. Mass.) (filed August 22, 2011); *Padilla v. Costco Wholesale Corp.*, No. 1:11-cv-07686 (N.D. Ill.) (filed October 28, 2011); *Linares and Gonzales v. Costco Wholesale, Inc.*, No. 3:11-cv-02547-MMA-RBB (S.D. Cal.) (filed November 2, 2011); *Pearson v. Target Corp.*, No. 1:11-cv-07972 (N.D.Ill.) (filed November 9, 2011); and *Blanco v. CVS Pharmacy, Inc.*, No. 5:13-cv-00406-JGB-SP (C.D. Cal.) (filed March 4, 2013).

On April 15, 2013, Plaintiffs executed a global, nationwide settlement agreement settling and releasing for consideration, *inter alia*, all of the claims made in each case that was to be submitted to this Court for final approval.  On April 22, 2013, Plaintiffs, together, filed a second amended complaint against Defendants in this Court.  On May 16, 2013, we provisionally certified the Class, consisting of all consumers who purchased for personal use certain joint health dietary supplements sold or manufactured by Defendants.

A Preliminary Approval Order of the proposed class action settlement between Plaintiffs and Defendants was entered on May 30, 2013.  [Doc. 89].  Objections to the class action settlement were filed subsequently.

Currently before us is Plaintiffs' Motion for Final Approval of the Class Action Settlement and Award of Attorneys' Fees, Expenses, and Incentive Awards.

C. Settlement Agreement

The Settlement Agreement, reached after protracted, arm's length negotiations over several months, secures for the Class a constructive common fund, injunctive relief, costs for notice and attorneys' fees, and a provision for incentive awards for Plaintiffs.  The Settlement explains the claims process and guarantees $2 million towards a guaranteed fund, with unclaimed funds remitting to a *cy pres* fund. The injunctive relief is in the form of labeling changes on Defendants' products for a period of thirty months.   Rexall identified and provided notice to approximately five million individual class members belonging to three categories: (1) members of NBTYs Ambassador Club; (2) members of Vitamin World's loyalty program or online purchasers of Vitamin Glucosamine products; and (c) Costco Wholesale club members who have purchased Costco's Kirkland-brand glucosamine products.  In exchange, Class Members release Defendants from known and unknown claims.

## DISCUSSION

Objectors contest both the fee award and approval order.  Objectors argue that this Court should not approve as fair and reasonable a settlement agreement that, on its face, so disproportionately advances the interests of Class Counsel over those of the class itself through excessive attorneys' fees.  Plaintiffs' attorneys contend that, due to the substantial benefit procured for Class Members, an award of the requested attorneys' fees would be reasonable and result in a fair settlement.  We consider the reasonableness of the settlement to determine if it should be approved.

## PART I: REASONABLENESS OF THE SETTLEMENT

A. General Principles of Law Under Rule 23

In class action settlements, a district court cannot rely solely on the adversarial process to protect the interests of the persons most affected by litigation—namely the class— and must rely on the fiduciary obligations of the class representatives and especially class counsel to protect those interests.  The fiduciary obligation owed to clients is particularly significant when the class members are consumers, who ordinarily lack both the monetary stake and sophistication in legal and commercial matters that would motivate and enable them to monitor the efforts of class counsel on their behalf.  *See Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011).  This is why settlements of class actions must be approved by the district court as fundamentally "fair, adequate and reasonable."  Fed.R.Civ.P. 23(e)(1)(c).

The Seventh Circuit has held that, in evaluating the fairness of a settlement, the district court must consider the strength of the plaintiffs' case compared to the defendants' settlement offer; the risk, expense, complexity, and likely duration of further litigation; the extent of discovery completed; and the experience and views of counsel.  *Synfuel Technologies v. DHL Express (USA)*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996)).  The Seventh Circuit further held that "the fairness of the settlement must be evaluated primarily on how it compensates class members for past injuries," not on whether it provides relief to future customers.  *Id*., at 654.  A district court's decision regarding the approval of a settlement will not be reversed unless there is a clear showing of abuse of discretion.  *Id*.

*Strength of Plaintiffs' Case on the Merits Compared to Defendants' Settlement Offer*

While it is difficult to calculate the precise probability of success Plaintiffs may experience through continued litigation, the Court finds non-trivial potential obstacles to Plaintiffs' prevailing on the merits.  As a threshold, Plaintiffs may be refused class certification.

5

On the other hand, after lengthy settlement negotiations, the Defendants' offered to create

an unlimited constructive fund for the approximately 12 million Class Members.  Of these Class

Members, about 9.1 million received notice by publication and a smaller number of 4.7 million

Class Members received direct, individual notice.  Each Class Member is eligible to make a

claim for at least $3 for one undocumented purchase, and up to $50 for documented purchases.

Even if the value of the Settlement is limited to direct notice recipients, the Settlement has made

available to the Class a monetary benefit of at least $14.2 million.  Of this fund, only $2 million

is guaranteed to be paid out by Defendants, either directly or to a *cy pres* fund. The Settlement

secures an additional $6.5 million for the cost of notice and attorneys' fees and expenses, for a

total of a $20.2 million made available to the Class.

In addition to the fund, the Settlement Agreement provides for injunctive relief in the

form of labeling changes that eliminate key false marketing claims alleged in the lawsuit.

However, the value of the injunctive relief, while potentially significant to both Class Members

who may still be looking to improve joint health and those who are not Class Members, is

difficult to ascertain and does not flow directly to the Class Members.

*Risk, expense, complexity, and likely duration of further litigation*

Even before this dispute was "consolidated" into the present case, the Plaintiffs expended

significant time and resources in prosecuting individual Plaintiffs' cases in courts across the

country.  During this time, Plaintiffs survived multiple motions to dismiss and Defendant's

motion for summary judgment.  Leading up to this Settlement Agreement, parties engaged in the

lengthy period of settlement negotiations.

This class action litigation continues to involve a number of complex legal, factual, and

scientific questions.  The disputed issues include scientific literature and medical studies

regarding the benefits of glucosamine and chondroitin, whether Class Members obtained some

benefit (excluding a known placebo effect) from the use of the products, and whether the Class

Members are entitled to damages.  Parties also dispute the impact of and potentially liability

arising from the disputed misrepresentations.  There are also contested issues relating to class

certification.

In the absence of a settlement, Plaintiffs would be required to undergo extensive litigation

to secure a finding of liability, and then, if successful, continued litigation on causation,

damages, limitations and other defenses.  Even if able to prevail at all of these stages, Plaintiffs

may face an appeal.  Should Plaintiffs continue to litigate, any recovery or benefit would not

likely be realized for years.

*Extent of discovery completed*

At the time the Settlement was agreed upon, each of the individual cases were at various

stages of litigation, but had undergone sufficient discovery to enable the parties and counsel to

evaluate their respective cases.  Thousands of pages of documents had been produced,

depositions had been taken of experts and employees, and expert reports had been submitted.

Discovery completed in *Cardenas* and *Jennings*, including the depositions of experts and

preparation of expert reports, provided Plaintiffs and counsel a thorough record upon which to

evaluate the case and determine whether settlement was in the best interests of the Class.

*Experience and views of counsel*

Counsel for Plaintiffs and Defendants have both investigated the claims and underlying

events and transactions alleged in the complaints; conducted legal research; engaged in motion

practice; reviewed evidence obtained in discovery and class certification discovery,

consultations, reports, and depositions of experts; and considered arguments made by all Parties as to the merits of the case.

Counsel has also assessed the considerable expense, length of the time necessary to continue prosecution of the claims through trial, post-trial motions, and likely appeals, as well as the significant uncertainty in predicting the outcome of the litigation.

Based on the unavoidable expense, length, and risks inherent in litigation, counsel concluded that the Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class.

*Presence of Collusion in Gaining a Settlement*

Objectors oppose the Settlement due to three provisions they contend are signs of self-dealing and collusion: (1) the structure of the Settlement; (2) a "clear sailing" provision; and (3) a segregated fund provision.

Objectors' central opposition to the Settlement is that it allocates $4.5 million, or 70% of what it calculates is a $6.5 million constructive common fund (comprised of $4.5 million fees and $2 million guaranteed funds), to Class Counsel.  Objectors contend that this disproportionate percentage award, almost two-thirds of the total fund, to counsel suggests self-dealing.

Second, Objectors, point to counsel's inclusion of a "clear sailing" provision that provides that Defendants will not oppose class counsel awards of $4.5 million as evidence of self-dealing.  Objectors contend that the clear sailing provision "decouples class counsel's financial incentives from those of the class" and creates an incentive for counsel to settle lawsuits in a manner that is favorable to counsel, even at the detriment to the Class.

Objectors finally argue that the Settlement's segregated fund provision that ensures that fees, costs, and incentive awards are paid "separate and apart from" class relief is another

indication of self-dealing.  Any reduction in fees would revert back to Defendants and a change

in the fee structure would create no additional benefit to Class Members, reducing the incentive

for Class Members to scrutinize and challenge potentially improper fees.

Class Counsel (and, for that matter, Defendants' counsel) denies any collusion and asserts

that the Settlement was achieved through arm's-length discussions by conference calls, in-person

meetings and written exchanges, during which offers and demands were exchanged.  Counsel

maintains that only after the relief to the Class was agreed upon did the Parties discuss the issue

of attorneys' fees and incentive awards.

*Actual Benefit to Class*

Defendants' evaluation of the benefit made available to the Class dramatically exceeds

the actual benefit realized by the Class.  At the close of the claims deadline on December 3,

2013, only 30,245 claims had been filed, amounting to a distribution of $865,284.00 to Class

members.  The actual benefit to the Class, then, was a mere 4.2% of the $20.2 million

Defendants claim it made available to the Class.

Defendants claim that the remaining $1,134,716.00 of the guaranteed fund of $2 million,

to be provided as a *cy pres* award to the Orthopedic Research and Education Foundation upon

the Court's approval, is a benefit to the Class.  Defendants further maintain that the Class also

realizes an actual benefit from valuable labeling changes as a result of the Settlement's

securement of injunctive relief.  Neither the *cy pres* fund nor the injunctive relief provides a

direct benefit to the Class, but instead creates a benefit to the general public and future

glucosamine consumers.

B. Conclusion

9

The settlement agreement, withholding approval of the requested attorneys' fees, is fair, adequate, and reasonable and the result of arms-length negotiations.  Even though the actual benefit to the Class is only a fraction of the available fund, the settlement provides for adequate economic recovery by claimants in light of the costs, likelihood of only marginal additional relief to individual consumers, and uncertainty of continued litigation.  While the *cy pres* fund and injunctive relief are substantial benefits secured under the settlement agreement, they benefit the public and future consumers of glucosamine—not Class members for past injuries—and cannot be a key consideration in determining the fairness of the settlement.

I will approve reasonable incentive awards in the amount of $5,000 for each of the six named Plaintiffs, for a total of $30,000.

Because Objectors' challenge to the fairness of the settlement agreement is based on a determination that the requested fee awards are substantively unreasonable, I will now turn to the reasonableness of the fee award.


**PART II: ATTORNEYS' FEES AND COSTS**

**A. Attorneys' Fee Award Based on Constructive Fund**

1. Standard of Review

Attorneys' fees are generally awarded based on the value of the settlement (i.e. the fund as a whole), not just the portion of the fund actually claimed by class members.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480 (1980), 100 S. Ct. 745, 62 L.Ed.2d 676 (attorney is entitled to a reasonable fee from the fund as a whole); *Mirfasihi v. Fleet Mortgage Co.*, 551 F.3d 682, 687 (7th Cir. 2008) ("a proper attorneys' fee award is based on success obtained *and* expense (including opportunity cost of time) incurred"); *In Re HP Inket Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013) (attorneys' fees are attributable to the relief obtained for the class).

Courts have an independent obligation to ensure that the fee award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount. *Bluetooth*, 654 F.3d at 941; see also Committee Notes to Rule 23(h), 2003.  A recent study, commissioned by the Institute for Legal Reform and conducted by Mayer Brown LLP, found that in the vast majority of class action lawsuits, the fees awarded to class counsel far exceeds the payout received by the class.  "Do Class Actions Benefit Class Members? An Empirical Analysis of Class Actions," Mayer Brown, available at www.instituteforlegalreform.com.  While the study suffers from non-trivial limitations, it raises an important issue regarding the frequently misaligned goals of class counsel and the class.  Due to this issue, as well as others, it is particularly important that the Court rely on an adequate factual basis to determine whether a settlement and fee award is fair to the entire class.  *In Re Baby Products Antitrust Litigation*, 708 F.3d 163, 175 (district court did not have necessary factual basis, including the amount of compensation distributed directly to the class, to determine whether settlement was fair); *Bluetooth*, at 943 (district court made:  1) no explicit fee calculation; 2) no comparison between fees award and benefit to class or degree of success in litigation; and 3) no comparison between fee calculation methods).  To that end, courts may only include the value of injunctive relief to the total common fund in the unusual instance where the value to individual class members of the injunctive relief can be accurately ascertained.  *Staton v. Boeing*, 327 F.3d 938, 974 (9th Cir. 2003).

2. "Percentage-of-Recovery" vs. Lodestar Method

Depending on the type of relief obtained for the class—either constructive common fund and/or injunctive relief—attorneys' fees may be calculated under either the "lodestar" method or as a "percentage-of-the-recovery."  The "lodestar method" is appropriate in class actions where the relief obtained is primarily injunctive in nature and thus not easily monetized.  Class actions

brought under fee-shifting statutes (such as federal civil rights, securities, antitrust, copyright, and patent acts) frequently use the lodestar method.  In these fee-shifting cases, the relief sought and obtained is largely only injunctive in nature and thus not easily monetized, but the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation.  *Bluetooth*, 654 F.3d 935, 941 (9th Cir. 2011).

A lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.  *Id.*; *Staton v. Boeing*, 327 F.3d 938, 965 (9th Cir. 2003).  Though the lodestar figure calculated in determining an attorney fee award is presumptively reasonable, the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.  *Bluetooth*, 654 F.3d at 941-42.

On the other hand, where a settlement produces a constructive common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-the-recovery method.  *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 975 (7th Cir. 1991); *Bluetooth*, at 942.  Under the latter method, attorneys' fees are derived from a percentage of the common fund.  A constructive common fund is valued based on the direct monetary relief made available to members of the proposed class, not just the portion actually claimed by class members.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480 (1980), 100 S. Ct. 745, 62 L.Ed.2d 676; *Masters v.Wilhelmina Model Agency, Inc.*, 473 F.3d 423,437 (2d Cir. 2007) ("the entire settlement fund, and not some portion thereof, was created through the efforts of counsel").  While the value of *cy pres* and injunctive relief will not be added to the amount of total funds

made available, they are relevant factors in determining what percentage of the fund is

reasonable as fees. *Id.*; *Baby Products*, 708 F.3d at 179.

Courts typically calculate 25% of the fund as the "benchmark" for a reasonable fee award

in cases involving recoveries of between $5 million and $15 million, and must provide adequate

explanation in the record of any "special circumstances" justifying a departure. *Abrams v. Van*

*Kampen Funds, Inc.*, 2006 WL 163023, at *19 (N.D. Ill. Jan. 18, 2006). Courts must do their

best to award counsel the market price for legal services, in light of the risk of nonpayment and

the normal rate of compensation in the market at the time, and may cross-check a percentage-of-

recovery fee award with the lodestar method. *In re Synthroid Marketing Litigation*, 264 F.3d

712, 718 (7th Cir. 2001); *Baby Products*, 708 F.3d, at 176-77.

### 3. Calculating the Value of Constructive Common Fund

Counsel has primarily secured a constructive common fund to benefit the Class. An

initial calculation of attorneys' fees based on a percentage-of-recovery method is appropriate.

The value of the fund is based on the total funds made available to the Class—not only the funds

actually claimed by the Class. Plaintiffs' counsel estimates that approximately 9.1 million

members, comprising 76% of the estimated 12 million proposed Class members, were provided

some type of notice. Of this, 4,718,651 Class members were provided direct notice of the class

action proceeding via email or postcard.

At a recovery rate of $3 per bottle with no required documentation by the 4,718,651

members given direct notice, the value of the constructive fund is $14.2 million. Of the available

common fund, the Class is guaranteed only two million dollars. Counsel also secured for the

Class an additional $1.5 million for notice costs and requests $4.5 million in attorneys' fees and

expenses, which Defendants have agreed to not contest. Not including the value of any

injunctive relief, the total direct monetary relief made available by the settlement through a constructive fund, notice costs, and attorneys' fees and expenses is $20.2 million.  As such, attorneys' fees totaling $4.5 million constitutes approximately 22.3% of the total potential benefit and may be reasonable.

However, as Objectors foresaw, the data, compiled after the December 3 claims deadline, revealed that, like other consumer class actions with individual relief of a small value, the settlement resulted in a very low claims rate by the Class.  *Spillman v. RPM Pizza, LLC*, No. 10-349-BAJ-SCR, 2013 U.S. Dist. LEXIS 72947, at *8 (M.D. La. May 23, 2013) (0.27% claims rate for $15 max claim); *Livingsocial*, 2013 U.S. Dist. LEXIS 40059, at *52 (D.D.C. Mar. 22, 2013) (.25% claims rate).  A mere 30,245 claims were filed, representing 0.25% of the 12 million proposed Class Members, and 0.7% of even the 4,718,651 Class Members who received direct notice.  Only a total of $865,284.00 of the available constructive common fund went to benefit the Class.  This comprised a 4.2% of the available fund of $20.2 million. The remaining $1,134,716.00 of the guaranteed fund of $2 million is to be remitted in *cy pres* to the Orthopedic Research and Education Foundation.

The low claims rate in combination with funds being remitted to *cy pres* in an amount greater than the actual benefit to the Class suggests that there is substantial reason to decrease the percentage of the attorneys' fee award from the "standard" 25% percentage of the settlement. *Baby Products*, 708 F.3d at 179.

Plaintiffs' attorneys claim, however, that they have secured very valuable injunctive relief—the removal of representations on the labeling of Defendant's products for thirty months. Although injunctive relief may be a factor supporting an increase in the percentage of recovery, the benefit secured here, like in *Synfuel*, would primarily benefit future customers and not Class

Members. *Synfuel*, at 653.  Consequently, any injunctive relief secured here does not support an increase in the percentage recovery rate awarded to counsel.

4. Crosscheck with Lodestar Method

While the Seventh Circuit does not require calculation of attorneys' fees by the lodestar method, it does require courts to "do their best to award counsel the market price for legal services." *Synthroid Marketing*, 264 F. at 717–21.  To this end, we crosscheck the amount of attorneys' fees awarded under the percentage-of-the-recovery against a lodestar calculation. Given that Plaintiffs' attorneys have submitted declarations in support of their requests for attorneys' fees and expenses for purposes of conducting a lodestar, assessing the lodestar will not be a difficult task.

The attorneys for Plaintiff are comprised of two legal teams.  The first legal team is comprised of three firms: (1) Bonnett, Fairbourn, Friedman & Balint, P.C. ("BFFB"), (2) Stewart M. Weltman LLC ("WELTMAN LLC"), and (3) Levin Fishbein Sedran & Berman ("LFSB"). The second legal team is the law firm Denlea & Carton LLP ("D&C").  Both teams have submitted data that reflects reasonable hourly rates for attorneys of the same experience and skill.

*Team One: BFFB, Weltman LLC, and LFSB*

BFFB, consisting of six attorneys, one litigation support specialist, and four paralegals, submitted to the court the following breakdown of its time and proposed hourly rates:

Elaine A. Ryan: 390.1 hours at $575.00

Patricia N. Syverson: 399.3 hours at $525.00

Todd D. Carpenter: 40.2 hours at 525.00

T. Brent Jordan: 42.4 hours at $500.00

Lindsey M. Gomez-Gray: 365.2 hours at $250.00

Kevin R. Hanger: 35.2 hours at $250.00

Brian R. Elser: 3.0 hours at $225.00

Rose K. Creech: 16.7 hours at $175.00

Lydia L. Rueda: 199.3 hours at $165.00

David J. Streyle: 20.6 hours at $165.00

Meredith K. Kight: 5.7 hours at $165.00

These figures total 1,517.7 hours and amount to a base lodestar figure for BFFB of $617,166.50. BFFB also submitted a breakdown of expenses, primarily composed of expert fees, totaling $57,398.04.

Weltman LLC submitted that Stewart M. Weltman spent a total of 474.75 hours on this litigation at an hourly rate of $685, for a total lodestar of $325,203.75. Weltman LLC did not report any additional expenses.

LFSB's legal team, comprised of one partner, one associate, and paralegal, submitted the following breakdown of their fees:

Howard J. Sedran: 12.3 hours at $775.00

Charles Sweedler: 59.0 hours at $525.00

James Rapone: 45.0 hours at $265.00

These figures total 116.3 hours and amount to a base lodestar figure for LFSB of $52,432.50. LFSB submitted expenses of $29,091.06.

Based on these figures, the total base lodestar figure for BFFB, Weltman LLC, and LFSB, calculated as proposed by plaintiffs' counsel, is $994,802.75, with expenses totaling $86,489.10. BFFB, Weltman LLC, and LFSB requested a fee award of $2 million. Applying a

16

lodestar method crosscheck at counsel's regular billing rates, a total lodestar of $994,802.75,

represents a request to use a lodestar multiplier of 2 (i.e. Class Counsel's fee request equaled

twice what they would have received at their regular billing rates).

*Team Two: D&C*

D&C, consisting of six attorneys and staff, submitted in a declaration the following

breakdown of its time and proposed hourly rates:

James R. Denlea: 41 hours at $675.00

D. Gregory Blankinship: 105.40 hours at $625.00

Jeffrey I. Carton: 190.50 hours at $675.00

Peter N. Freiberg: 1076.50 hours at $650.00

Todd S. Garber: 50.35 hours at $150.00

Based on these figures, calculated as proposed by Plaintiffs' attorneys, the value of the

total 1,478.75 hours D&C devoted to this action amounts to a base lodestar figure for D&C of

$938,790.00.  D&C's requested fee is $2,500,000, including $93,187.13 in expenses.  Applying a

lodestar method crosscheck at counsel's regular billing rates, a total lodestar of $938,790.00,

represents a request to use a lodestar multiplier of 2.56.


5. Conclusion

Based on a comparison of the percentage-of-the-recovery method and lodestar method, I

am awarding attorneys' fees exclusively for securing a common fund, while taking into account

factors, such as the actual benefit to the Class.  Due to the low actual relief secured for the Class

and lack of other meaningful benefit to compensate the Class for past injuries, a substantial

decrease in the percentage of the recovery is warranted.  Based on a crosscheck with the

Lodestar methodology, fees in the amount of $994,802.75 and expenses in the amount of

$86,489.10 will be awarded to BFFB, Weltman LLC, and LFSB, and fees in the amount of $938,790.00 and expenses in the amount of $93,187.13 will be awarded to D&C, for a total of $1,933,592.75.

These fees reflect a lodestar with no multiplier. This award comprises 9.6% of the total fund of $20.2 million, including notice costs and fees, and 13.6% of the $14.2 of the available common fund. This award adequately (and, arguably, more than adequately) compensates counsel for the market price of their legal services.[1]


**B. Potential Attorneys' Fee Award Based on Injunctive Relief**

Parties ordinarily may not include an estimated value of undifferentiated injunctive relief in the amount of an actual or putative common fund for purposes of determining an award of attorneys' fees. *Staton v. Boeing*, 327 F.3d 938, 974 (9th Cir. 2003). However, in limited cases, the legislature has authorized the award of fees to counsel undertaking socially beneficial litigation. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S. Ct. 1612, 44 L.Ed.2d 141 (1975) (only Congress can authorize an exception to the standard American rule that attorneys' fees are not recoverable by the winning party in federal litigation).

---

[1] Calculating a lodestar, as we have done here, has its own difficulty. We accept both the hourly rates and the hours spent. Opposing counsel in a settled case rarely, if ever, challenge rates or hours spent in class action litigation. Hours and rate challenges are generally confined to non-class cases filed under fee-shifting statutes, where defendants allege that the plaintiffs' lawyer took 150 hours to complete a 95 hour job and charged rates higher than that lawyer's time was worth in his or her practice. On our own initiative, we considered the question of hours and fees. Based on the experience of our own dockets, the hourly rates were within the realm of reason and, in most, but not all cases the highest paid lawyers expended fewer hours than those with lower rates which is economically sound. The total number of hours is large in comparison to the class benefits. I approve the hours because the claims presented some difficulty. Several cases that were filed separately were constructed into an economically worthwhile case based on millions of consumers all of whom would receive very small damages, i.e., a maximum of $50.00 per class member, many in the range of $3.00 to $12.00. This case is not unique; I have cited similar cases. What is clear is that preparing this case required close analysis of the economic feasibility of proceeding and the method for doing so. In particular, the case was "soft" because there was no contention that the product physically harmed a large class of people. The harm done by purchasing a bottle of pills or capsules was inflicted on the small change in the buyer's pocket. It takes extra effort to try to prevail fully in such a case. For this reason, we conclude that hours spent were within the realm of reason.

These cases, addressing topics such as civil rights, employment, and antitrust, are identified by statutory fee-shifting provisions.  *Bluetooth*, 654 F.3d at 941 (citing cases); *Gagne v. Maher*, 594 F.2d 336, 339-41 (2d Cir. 1979) (fees to recipient's attorneys was authorized under Civil Rights Attorney's Fees Awards Act of 1976 where class recovered almost all requested relief); *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 822 (3d Cir. 1995) (calculation of attorneys' fee by the lodestar method was not legislatively justified because fee in hybrid relief consumer case was not made pursuant to statute).  Courts typically use a lodestar calculation to arrive at an award of fees to counsel because there is often no way to gauge the net value of the settlement or any percentage thereof. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) (rejecting straight percentage recovery fee calculation because of uncertainty of settlement valuation).

Class Counsel argues that the labeling changes included in the settlement are of significant value and that the attorneys' fees should account for the benefit of this injunctive relief.  Class Counsel asserts that the removal of representations on the packaging of glucosamine products will provide consumers with valuable information and is likely to lead to decreased prices for Class Members and future consumers.  Objectors, however, argue that counsel should be rewarded only for the benefit secured directly for the Class.  The benefit of the injunctive relief is not to the Class, but to future consumers of glucosamine.

Even assuming *arguendo* that the Plaintiffs' attorneys were entitled to fees for securing injunctive relief, there is a major problem regarding valuation of the removal of representations from the labels of Defendants' products.

Class Counsel submitted an initial report ("Reutter Rep.") by Plaintiffs' economist Dr. Keith Reutter estimating that the value of the injunctive relief was approximately $21.7 million

to current class members and $46.2 million to all consumers.  See Reutter Rep. Ex. S.  In order to

assess the potential benefit to the class of injunctive relief, this Court requested Plaintiffs'

counsel to submit additional briefing regarding calculating the value of the injunctive relief by

analyzing the impact of the labeling changes after they are implemented.  On November 6, 2013,

Class Counsel submitted the Supplemental Report of Plaintiffs' economist Dr. Keith Reutter

("Supp. Reutter Report") which concluded that it is infeasible to better measure the actual

economic impact of the injunctive relief by waiting for the implementation of the labeling

changes.  Dr. Reutter concluded that any meaningful analysis would require the consideration of

competitors' and retailers' proprietary sales and marketing information, which would be difficult

to obtain, take several years to perform, and be quite expensive.

Plaintiffs' counsels' argument that the economic benefit cannot be measured after the

labeling changes are actually implemented undermines any possibility that such changes could

be accurately estimated prior to such implementation.  Dr. Reutter opines that actual economic

impact cannot be gleaned from an analysis of defendant Rexall's data alone.  Dr. Reutter

concludes that accurately estimating the economic impact of the proposed labeling changes will

"require the purchase of retail sales data from a vendor such as ACNielsen, and will require

knowledge of the advertising budgets of competing manufacturers and retail outlets."

Plaintiffs' counsel's own conflicting reports by Dr. Reutter strongly suggests that there is

no accurate estimate to assess the value to the Class of the injunctive relief.  The Seventh Circuit

has conceded that a "high degree of precision cannot be expected in valuing a litigation,

especially regarding the estimation of the probability of particular outcomes," but found that a

judge that does not attempt to provide a monetization of the injunctive relief abuses his

discretion.  *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 285 (7th Cir. 2002).

20

Plaintiffs' counsel argues that it should be awarded fees without a reasonably accurate and defensible determination of the value of injunctive relief by calculating fees based on a lodestar method with a multiplier because it has engaged in socially beneficial litigation. However, we will not award attorneys' fees for injunctive relief secured without clear indication from Congress that consumer class actions fall into fee-shifting "socially beneficial litigation."

At this time, we are neither able nor willing to award the plaintiffs' attorneys fees based on inconsistent conjecture as to what may happen in the future regarding labeling changes—especially, when the court may wait and, possibly, base such an award on accurate data. *Bluetooth*, 654 F.3d at 945 (remanded to the district court for lack of an adequate explanation for fee award). Accordingly, whether Plaintiffs' counsel can prove the value of the labeling changes that it secured on behalf of the Class is an issue that it may be able to raise after the passage of time. As of now, the value is not proven even as to the members of the Class.

## CONCLUSION

We approve judgment on the final settlement and award of attorneys' fees, accepting attorneys' fees for the benefits of injunction, and expenses as follows:  $617,166.50 in fees and $57,398.04 in expenses to BFFB; $325,203.75 in fees to Weltman LLC; $52,432.50 in fees and $29,091.06 in expenses to LFSB; $938,790 in fees and $93,187.13 in expenses to D&C.  I further approve reasonable incentive awards in the amount of $5,000 for each of the six named Plaintiffs, for a total of $30,000.

ENTER:

James B. Zagel
United States District Judge

DATE:  January 3, 2014

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation;<br><br>　　　　　Defendants. | Case No.:　11 CV 07972<br><br>CLASS ACTION<br><br>**Judge James B. Zagel** |

## FINAL JUDGMENT AND ORDER

The matter came before the Court on Plaintiffs' motion for final approval of the proposed class action settlement with Rexall Sundown, Inc. and NBTY, Inc. and their affiliated parties ("Rexall"), set forth in the Settlement Agreement dated April 15, 2013 between Plaintiffs and Rexall Sundown, Inc., and NBTY, Inc. ("Settlement Agreement"), and preliminarily approved in this Court's order of May 30, 2013 [Dkt. No. 89]. The Settlement Agreement, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement of the case, and provides for the dismissal of Plaintiffs' individual and class claims against Rexall with prejudice upon the Effective Final Judgment Date.

The Court having held a Fairness Hearing on the fairness, adequacy, and reasonableness of the settlement and considered all of the written submissions, objections, and oral arguments

made in connection with final settlement approval, and having issued a Memorandum Opinion

and Order on January 3, 2014 [Dkt. No. 143], hereby finds and orders as follows:

1.      Unless defined herein, all defined terms in this Final Judgment and Order shall

have the respective meanings as the same terms in the Settlement Agreement.

2.      Notice to the Settlement Class has been provided in accordance with the Court's

Preliminary Approval Order.  The notice, in form, method, and content, fully complied with the

requirements of Rule 23 and due process, constituted the best notice practicable under the

circumstances, and constituted due and sufficient notice to all persons entitled to notice of the

settlement.

3.      The settlement set forth in the Settlement Agreement is fair, reasonable, adequate,

and in the best interests of the Settlement Class.  The Settlement Agreement was arrived at

through good-faith bargaining at arm's-length, without collusion, conducted by counsel with

substantial experience in prosecuting and resolving consumer class actions.  The settlement

consideration provided under the Settlement Agreement constitutes fair value given in exchange

for the release of the Released Claims against the Released Parties.  The consideration to be

paid to members of the Settlement Class is reasonable, considering the facts and circumstances

of the numerous types of claims and affirmative defenses asserted in the Litigation, and in light

of the complexity, expense, and duration of litigation and the risks involved in establishing

liability and damages and in maintaining the class action through trial and appeal.

4.      All Settlement Class members who failed to submit an objection to the settlement

in accordance with the deadline and procedure set forth in the Preliminary Approval Order are

deemed to have waived and are forever foreclosed from raising the objection.

2

5.      The Parties, the Released Parties, and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute relating in any way to, or arising out of, the Released Claims, the Settlement Agreement, or this Final Judgment and Order.

6.      The Parties are directed to consummate the Settlement Agreement in accordance with its terms.  The Parties and any and all Settlement Class members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

7.      Under Rule 23(b)(3), the Court makes final its previous conditional certification of the Settlement Class, defined as all consumers who, during particular time periods and in certain U.S. locations, purchased for personal use and not resale or distribution certain joint health dietary supplements (a) sold by Rexall or any of its affiliates under the brand names of Rexall or its affiliates; or, (b) manufactured by Rexall or any of its affiliates but sold under another brand name by a company not affiliated with Rexall  (collectively, "Covered Products").  The Covered Products and their geographic areas and time periods of sale covered by this Settlement are identified in Exhibit A to the Settlement Agreement.  The Settlement Class does not include persons who submitted valid requests for exclusion from the Settlement Class.

8.      The requirements of Rule 23(a) and (b)(3) have been satisfied for purposes of settlement.  The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiffs are typical of the claims of the Settlement Class; the Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

3

9.      The preliminary appointment of Jeffrey I. Carton and Peter N. Freiberg (Denlea & Carton LLP); Elaine A. Ryan (Bonnett, Fairbourn, Friedman & Balint, P.C.); and Stewart M. Weltman (Stewart M. Weltman, LLC, Of Counsel Levin Fishbein Sedran & Berman) as Settlement Class Counsel is hereby made final.  Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately protected the interests of the Settlement Class.

10.      Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Litigation without prejudice and without costs, except as provided in the Settlement Agreement.  This dismissal without prejudice shall not allow the Parties or any members of the Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims, but is "without prejudice" so as to allow the Court to supervise the implementation and administration of the Settlement.

11.      By operation of this Final Judgment and Order, the Releasing Parties release and forever discharge the Released Parties from the Released Claims, and the Released Parties release and forever discharge Plaintiffs and Settlement Class Counsel, as set forth in Paragraphs 11, 12, and 14 of the Settlement Agreement.

a.      As used in this Order, the Releasing Parties are Plaintiffs and each Settlement Class member (except a person who has obtained proper and timely exclusion from the Settlement Class), on their own behalf and on behalf of their spouses and former spouses, as well as the present, former, and future respective administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors of any of the foregoing.

b.      As used in this Order, the Released Parties are (i) NBTY, Inc. and Rexall Sundown, Inc.; (ii) Any person or entity in the chain of distribution of the Covered Products,

4

including but not limited to raw material suppliers, distributors, and retailers (including but not

limited to Costco, Target, and CVS Pharmacy, Inc., to the extent that they are in the chain of

distribution of the Covered Products); (iii) Entities and persons related to (i) and (ii), including

but not limited to their present, former, and future direct and indirect parent companies, affiliates,

agents, divisions, predecessors-in-interest, subsidiaries, successors, and any entities that

manufactured or sold the Covered Products from which Rexall acquired assets or contracts; and

(iv) Entities and persons related to (i), (ii), and (iii), including but not limited to their respective

present, former, and future officers, directors, employees, independent contractors, shareholders,

agents, assigns, and attorneys.

        c.      The Released Claims include any and all rights, duties, obligations,

claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law,

whether by statute, contract, common law, or equity, whether known or unknown, suspected or

unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or

unliquidated that, as of the date that this Order is entered, arise out of or relate in any way to:

(i) allegations, claims, or contentions that were or could have been asserted in the Litigation;

(ii) the Covered Products, including, but not limited to, their efficacy or performance, and any

and all advertising, labeling, packaging, marketing, claims, or representations of any type

whatsoever made in connection with the Covered Products; or (iii) all labels or packaging for the

Covered Products that conform to the terms of the Settlement. The Released Claims do not

include any claims for personal injury or safety-related concerns.

        12.     The Release includes claims that are currently unknown to the Releasing Parties.

The Release in this Order and the Settlement Agreement fully, finally, and forever discharges all

Released Claims, whether now asserted or unasserted, known or unknown, suspected or

unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known,

might have affected their decision to enter into this release. Each Releasing Party shall be

deemed to waive any and all provisions, rights, and benefits conferred by any law of the United

States, any state or territory of the United States, or any state or territory of any other country, or

principle of common law or equity, which governs or limits a person's release of unknown

claims. The Releasing Parties understand and acknowledge that they may hereafter discover

facts in addition to or different from those that are currently known or believed to be true with

respect to the subject matter of this release, but have agreed that they have taken that possibility

into account in reaching this Settlement Agreement and that, notwithstanding the discovery or

existence of any such additional or different facts, as to which the Releasing Parties expressly

assume the risk, they fully, finally, and forever settle and release any and all Released Claims,

known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may

hereafter exist, and without regard to the subsequent discovery or existence of such additional or

different facts. The foregoing waiver includes, without limitation, an express waiver, to the

fullest extent not prohibited by law, by Plaintiffs, the Settlement Class members, and all other

Releasing Parties of any and all rights under California Civil Code Section 1542, which

provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
> HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
> WITH THE DEBTOR.**

In addition, Plaintiffs, Settlement Class members, and all other Releasing Parties also

expressly waive any and all provisions, rights, and benefits conferred by any law or principle of

common law or equity, that are similar, comparable, or equivalent, in whole or in part, to
California Civil Code Section 1542.

      13.      Rexall may elect, in its sole and unilateral discretion, to continue the label
changes identified in Paragraph 8 and Exhibit B of the Settlement Agreement beyond the thirty-
month required period.  For as long as a product identified in Exhibit A continues to be sold and
complies with the terms of Paragraph 8 beyond the thirty-month required period, no Releasing
Party who purchases such product after the thirty-month period may sue any Released Party
based on any claim that was or could have been asserted in the Litigation.

      14.      Except as to the rights and obligations provided for under the Agreement, by
operation of this Order, NBTY, Inc. and Rexall Sundown, Inc. hereby release and forever
discharge Plaintiffs, the Settlement Class, and Settlement Class Counsel from any and all rights,
duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local,
state, or federal law, whether by statute, contract, common law, or equity, whether known or
unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or
contingent, liquidated or unliquidated, which the Released Parties may now have, own or hold or
which the Released Parties at any time may have, own, or hold, against Plaintiffs, the Settlement
Class, or Settlement Class Counsel by reason of any matter, cause, or thing whatsoever occurred,
done, omitted, or suffered from the beginning of time to the date of the Settlement Agreement,
related to the subject matter of the Litigation.

      15.      Plaintiffs, Settlement Class members, and the Releasing Parties are permanently
enjoined and barred from commencing or prosecuting any action or proceeding asserting any of
the Released Claims, either directly, representatively, derivatively, or in any other capacity,
whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court,

or in any agency, or other authority or forum wherever located.  Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by the Rexall or any other Released Party as a result of such violation.

16.     The Court makes the following awards to Plaintiffs and Settlement Class Counsel:

a.     $ 938,790.00 as attorneys' fees and $ 93,187.13 as costs to Denlea & Carton, LLP;

b.     $ 994,802.75 as attorneys' fees and $86,489.10 as costs to Bonnett, Fairbourn, Friedman & Balint, P.C.; Levin Fishbein Sedran & Berman; Stewart M. Weltman, LLC (Of Counsel Levin Fishbein Sedran & Berman); jointly, and

c.     $5,000.00 as an incentive award to each Class Representative.

17.     Without affecting the finality of this Final Judgment and Order, the Court retains exclusive jurisdiction over this action, the Parties, and all Settlement Class members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement.

18.     The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (a) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, or any other  litigation, court of law or equity, proceeding, arbitration,

tribunal, investigation, government action, administrative proceeding or other forum, or (b) any liability, responsibility, fault, wrongdoing or otherwise of Rexall.  Rexall has denied and continues to deny the claims asserted by Plaintiffs.  Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.  The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation.  In the event that the Court's approval of the settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in this Litigation, the Underlying Actions, or any other action or proceeding.

19.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20.     Neither Settlement Class Counsel's applications for incentive awards, attorneys' fees, and reimbursement of expenses, nor any order or proceedings relating to such applications, nor any appeal from any order relating thereto or reversal or modification thereof, shall in any way affect or delay the finality of this Judgment, and all such matters shall be considered separate from this Final Judgment and Order.

21.     Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED.**

Dated: _22 Jan_____, 2014

_____
JUDGE JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated, | Case No. 11-CV-07972 <br><br> <u>CLASS ACTION</u> <br><br> Hon. James B. Zagel |
| Plaintiffs, | |
| v. | |
| NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation | |
| Defendants. | |
| ——————————————— | |
| THEODORE H. FRANK, | |
| Objector. | |

## THEODORE H. FRANK'S NOTICE OF APPEAL

Notice is hereby given that objecting class member Theodore H. Frank appeals to the United States Court of Appeals for the Seventh Circuit from the Court's Memorandum Opinion and Order (Docket No. 143), filed January 3, 2014, and from its Final Judgment (Docket No. 144), filed January 22, 2014, and all opinions and orders that merge therein.

Dated: January 29, 2014

/s/ Melissa A. Holyoak

Melissa A. Holyoak, (DC Bar No. 487759)
Center for Class Action Fairness
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorney for Theodore H. Frank*

**Certificate of Service**

The undersigned certifies she electronically filed the foregoing Notice via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. She also caused for the foregoing to be mailed by First Class postage to the following recipients:

**Pamela M Easton**
250 St. Catherine St.
Florissant, MO 63031

**Peggy Thomas**
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311

**Simone Thomas**
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311

Dated: January 29, 2014

/s/ Melissa A. Holyoak

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, on Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation,<br><br>          Defendants. | Case No.:   11 CV 07972<br><br><br>CLASS ACTION<br><br>Judge James B. Zagel |

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiffs Nick Pearson, Francisco Padilla, Cecilia Linares, Augustina Blanco, and Abel Gonzalez, in the above named case hereby appeal to the United States Court of Appeals for the Seventh Circuit from the Memorandum Opinion and Order (Docket No. 143), approving the final settlement and award for attorneys' fees entered on January 3, 2014 and the Final Judgment and Order (Docket No. 144), on the final settlement and award for attorneys' fees entered on January 22, 2014.


Dated: February 3, 2014          STEWART M. WELTMAN LLC

                                            s/*Stewart M. Weltman*
                                            Stewart M. Weltman
                                            STEWART M. WELTMAN, LLC
                                            53 W. Jackson, Suite 364
                                            Chicago, Illinois 60604
                                            Telephone:  312-588-5033
                                            (Of Counsel: Levin Fishbein Sedran & Berman)

Of Counsel:

Elaine A. Ryan
Patricia N. Syverson
Lindsey M. Gomez-Gray
BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
2325 E. Camelback Rd., Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100

*Attorneys for Plaintiffs Nick Pearson, Francisco
Padilla, Cecilia Linares, Augustina Blanco, and
Abel Gonzalez*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2014, I caused a copy of the foregoing **NOTICE OF APPEAL** to be filed electronically with the Clerk of the Court and to be served by operation of the Court's electronic filing system to all counsel of record.


s/*Stewart M. Weltman*
Stewart M. Weltman

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, on Behalf of Themselves and All Others Similarly Situated, | Case No.:    11 CV 07972 |
| Plaintiffs, | <u>CLASS ACTION</u><br><br>Judge James B. Zagel |
| v. | |
| NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation, | |
| Defendants. | |

## <u>DOCKETING STATEMENT</u>

Pursuant to Circuit Rules 3(c)(1) and 28(a) of the United States Court of Appeals for the Seventh Circuit, Plaintiffs Nick Pearson, Francisco Padilla, Cecilia Linares, Augustina Blanco, and Abel Gonzalez hereby provide the following Docketing Statement as an accompaniment to their Notice of Appeal filed on February 3, 2014.

### I.    District Court Jurisdiction

The District Court had jurisdiction pursuant to 28 U.S.C. §1332 (d) because this is a class action in which the amount in controversy exceeds $5,000,000 exclusive of interest and costs, includes more than 100 class members, and some members of the Class are citizens of a state different from Defendants.  Plaintiffs Nick Pearson resides in Cook County, Illinois and is a citizen of the state of Illinois; Francisco Padilla resides in Cook County, Illinois and is a citizen of the state of Illinois; Cecilia Linares resides in Imperial, California and is a citizen of the state

of California; Augustina Blanco resides in Moreno Valley, California and is a citizen of the state of California, and Abel Gonzalez resides in Canyon Lake, California and is a citizen of the state of California. Defendant NBTY, Inc. is a Delaware corporation with its principal place of business in Ronkonkoma, New York; Rexall Sundown, Inc. is a Florida corporation with its principal place of business in Ronkonkoma, New York; Target Corporation is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

## II.   Appellate Court Jurisdiction

The United States Court of Appeals for the Seventh Circuit has jurisdiction over this matter pursuant to 28 U.S.C. §1291.  The District Court entered a Memorandum Opinion and Order granting final approval of the settlement and attorneys' fees on January 3, 2014.  A final Judgment and Order on the settlement and attorneys' fees was entered on the docket on January 22, 2014.   A timely Notice of Appeal was filed on February 3, 2014.

## III.   Prior Appellate Proceedings

This appeal is related to *Pearson, et al. v. NBTY, Inc., et al.*, No. 14-1198.

## IV.   Counsel of Record on Appeal

Counsel of Record for the Plaintiffs and Plaintiffs-Appellant before the United States Court of Appeals for the Seventh Circuit Court will be:

> Stewart M. Weltman
> STEWART M. WELTMAN LLC
> 53 W. Jackson Suite 364
> Chicago, IL 60604
> Telephone:  312-588-5033
> (Of Counsel Levin Fishbein Sedran & Berman)

Dated: February 3, 2014                STEWART M. WELTMAN LLC

                                       s/*Stewart M. Weltman*
                                       Stewart M. Weltman
                                       STEWART M. WELTMAN, LLC
                                       53 W. Jackson, Suite 364
                                       Chicago, Illinois 60604

Telephone:  312-588-5033
(Of Counsel: Levin Fishbein Sedran & Berman)

Of Counsel:

Elaine A. Ryan
Patricia N. Syverson
Lindsey M. Gomez-Gray
BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
2325 E. Camelback Rd., Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100

*Attorneys for Plaintiffs Nick Pearson, Francisco
Padilla, Cecilia Linares, Augustina Blanco, and
Abel Gonzalez*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2014, I caused a copy of the foregoing **DOCKETING STATEMENT** to be filed electronically with the Clerk of the Court and to be served by operation of the Court's electronic filing system to all counsel of record.

*s/Stewart M. Weltman*
Stewart M. Weltman

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>         **v.**<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida Corporation; and TARGET CORPORATION, a Minnesota Corporation,<br><br>                Defendants. | Case No.:  11 CV 07972<br><br>CLASS ACTION<br><br>**Judge James B. Zagel**<br><br><br>**NOTICE OF APPEAL** |

TO:    All Parties and Their Attorneys of Record:

PLEASE TAKE NOTICE THAT Plaintiff, Richard Jennings, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Court's Memorandum Opinion and Order dated and entered on January 3, 2014 (Docket Entry No. 143,) and the Court's Final Judgment and Order dated and entered on January 22, 2014 (Docket Entry No. 144).

Dated:   February 4, 2014

By:  /s/ Peter N. Freiberg
Peter N. Freiberg (admitted *pro hac vice*)
Jeffrey I. Carton  (admitted *pro hac vice*)
DENLEA & CARTON LLP
One North Broadway, Suite 509
White Plains, New York 10601
Telephone:   (914) 920-7400

*Attorneys for Plaintiff Richard Jennings*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2014, a true and correct copy of the following document was electronically filed and served on all counsel of record in this action who are deemed to have consented to electronic service via the Court's CM/ECF system:

**Notice of Appeal.**

I also certify that the foregoing document is being served by U.S. Mail this day on all counsel of record or *pro se* parties identified below who are not authorized to receive electronically Notices of Electronic Filing.

C. Jane Radlinski
309 E. Church Street
Jacksonville, FL  32202-2725
(904) 633-2699
*Pro se* Objector

John Michael Buckley
370 Canyon Spring Dr.
Rio Vista, CA  94571
(707) 374-3853
*Pro se* Objector

Peggy Thomas
2109 N.W. 12th Avenue
Ft. Lauderdale, FL  33311
(954) 761-1589
*Pro se* Objector

Simone Thomas
2109 N.W. 12th Avenue
Ft. Lauderdale, FL  33311
(305) 903-6935
*Pro se* Objector

Rhonda L. Paulson
13383 E. Marie Creek Road
Couer d'Alene, ID 83814
*Pro se* Objector

Donald Charles Koneval
8314 Manorford Drive
Parma, OH  44129-5309
(440) 842-6232
*Pro se* Objector

Anthony Leardi
1813 Renwick Street
Bethlehem, PA  18017
(610) 865-7821
*Pro se* Objector

Joseph Darrell Palmer
Law Office of Darrell Palmer PC
603 N. Highway 101, Suite A
Solana Beach, CA  92075
(858) 792-5600
Attorney for Objectors Kathleen McNeal
and Alison Paul

2

John C. Kress (53396MO)
The Kress Law Firm, LLC
4247 S. Grand Blvd.
St. Louis, MO 63111
(314) 631-3883
Attorney for Objector Pamela Easton

Jonathan E. Fortman #40319
250 Saint Catherine Street
Florissant, Missouri 63031
(314) 522-2312
Attorney for Objector Pamela Easton

Steve A. Miller
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO  80202
(303) 892-9933
Attorney for Objector Pamela Easton

Maureen Connors (0074094OH)
6625 Pearl Road
Parma Heights, OH 44130
(216) 640-9860
Attorney for Objector Pamela Easton

/s/ Peter N. Freiberg
One of Plaintiffs' Attorneys

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida Corporation; and TARGET CORPORATION, a Minnesota Corporation,<br>Defendants. | Case No.:  11 CV 07972<br><br>CLASS ACTION<br><br>**Judge James B. Zagel**<br><br><br>**DOCKETING STATEMENT** |

Pursuant to Circuit Rules 3(c)(1) and 28(a) of the United States Court of Appeals for the Seventh Circuit, Plaintiff, Richard Jennings, hereby provides the following Docketing Statement to accompany his Notice of Appeal filed on February 4, 2014:

1.     Basis of Jurisdiction in the District Court.

The District Court had jurisdiction pursuant to 28 U.S.C. §1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, which class action includes more than 100 class members, and some of the members of the Class are citizens of a state different from the defendants.  Plaintiff Nick Pearson is a citizen of the State of Illinois; plaintiff Francisco Padilla is a citizen of the State of Illinois; plaintiff Cecilia Linares is a citizen of the State of California; plaintiff Augustina Blanco is a citizen of the State of California; plaintiff Abel Gonzalez is a citizen of the State of California; and plaintiff Richard Jennings is a citizen of the State of Massachusetts.  Defendant NBTY, Inc. is a

Delaware corporation with its principal place of business in the State of New York; defendant Rexall Sundown, Inc. is a Florida corporation with its principal place of business in the State of New York; and defendant Target Corporation is a Minnesota corporation with its principal place of business in the State of Minnesota.

2.      Basis of Jurisdiction of the Seventh Circuit.

The United States Court of Appeals for the Seventh Circuit has jurisdiction over this matter pursuant to 28 U.S.C. §1291.  The District Court entered a Final Judgment and Order on January 22, 2014 which disposed of all claims and defenses of the parties. Plaintiff, Richard Jennings, has timely filed his notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) and/or 4(3).

3.      Prior Appellate Proceedings.

Plaintiff, Richard Jennings', appeal is related to the following:

a.      An appeal by Objector, Theodore H. Frank, that was filed in this action.  A Notice of Appeal was filed on January 29, 2014.

b.      An appeal by plaintiffs, Nick Pearson, Francisco Padilla, Cecelia Linares, Augustina Blanco and Abel Gonzalez.  A Notice of Appeal was filed on February 3, 2014.

4.      Counsel of Record.

Counsel of record for plaintiff/appellant, Richard Jennings, before the United States Court of Appeals for the Seventh Circuit will be:

Jeffrey I. Carton
Peter N. Freiberg
Denlea & Carton LLP
One North Broadway, Suite 509
White Plains, New York 10601
(914) 920-7400

2

Dated:   February 4, 2013

By:  /s/ Peter N. Freiberg
Peter N. Freiberg (admitted *pro hac vice)*
Jeffrey I. Carton  (admitted *pro hac vice*)
DENLEA & CARTON LLP
One North Broadway, Suite 509
White Plains, New York 10601
Telephone:    (914) 920-7400

*Attorneys for Plaintiff Richard Jennings*

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2014, a true and correct copy of the following document was electronically filed and served on all counsel of record in this action who are deemed to have consented to electronic service via the Court's CM/ECF system:

**Docketing Statement**.

I also certify that the foregoing document is being served by U.S. Mail this day on all counsel of record or *pro se* parties identified below who are not authorized to receive electronically Notices of Electronic Filing.

C. Jane Radlinski
309 E. Church Street
Jacksonville, FL  32202-2725
(904) 633-2699
*Pro se* Objector

John Michael Buckley
370 Canyon Spring Dr.
Rio Vista, CA  94571
(707) 374-3853
*Pro se* Objector

Peggy Thomas
2109 N.W. 12th Avenue
Ft. Lauderdale, FL  33311
(954) 761-1589
*Pro se* Objector

Simone Thomas
2109 N.W. 12th Avenue
Ft. Lauderdale, FL  33311
(305) 903-6935
*Pro se* Objector

Rhonda L. Paulson
13383 E. Marie Creek Road
Couer d'Alene, ID 83814
*Pro se* Objector

Donald Charles Koneval
8314 Manorford Drive
Parma, OH  44129-5309
(440) 842-6232
*Pro se* Objector

Anthony Leardi
1813 Renwick Street
Bethlehem, PA  18017
(610) 865-7821
*Pro se* Objector

Joseph Darrell Palmer
Law Office of Darrell Palmer PC
603 N. Highway 101, Suite A
Solana Beach, CA  92075
(858) 792-5600
Attorney for Objectors Kathleen McNeal
and Alison Paul

4

John C. Kress (53396MO)
The Kress Law Firm, LLC
4247 S. Grand Blvd.
St. Louis, MO 63111
(314) 631-3883
Attorney for Objector Pamela Easton

Jonathan E. Fortman #40319
250 Saint Catherine Street
Florissant, Missouri 63031
(314) 522-2312
Attorney for Objector Pamela Easton

Steve A. Miller
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO  80202
(303) 892-9933
Attorney for Objector Pamela Easton

Maureen Connors (0074094OH)
6625 Pearl Road
Parma Heights, OH 44130
(216) 640-9860
Attorney for Objector Pamela Easton

/s/ Peter N. Freiberg
One of Plaintiffs' Attorneys



**FILED**

FEB X 2 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ILLINOIS
Case No. 11-CV-07972

PEARSON, et al.

v.

NBTY, INC., et al.

_____/

### SIMONE THOMAS' NOTICE OF APPEAL

Notice is hereby given that objecting class member Simone Thomas appeals to the United States Court of Appeals for the Seventh Circuit from the Court's Memorandum Opinion and Order (Docket No. 143), filed January 3, 2014, and from its Final Judgment (Docket No. 144), filed January 22, 2014, and all opinions and orders that merge therein.

Signed this 1st day of February, 2014

SIMONE THOMAS
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311
(305) 903-6935
simonethomas3@yahoo.com

**PAID**

RECEIPT # 46841421Y

FEB X 2 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February, 2014, the foregoing was furnished via U.S. Mail to: **Clerk of Court, United States District Court, Northern District of Illinois**, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604; **Peter N. Freiberg, Esq.**, Stewart M. Weltman, LLC (Of Counsel Levin, Fishbein, Sedran & Berman), 53 W. Jackson, Suite 364, Chicago, Illinois 60604; **Kara L. McCall, Esq.**, Sidley Austin, LLP, One S. Dearborn Street, Chicago, Illinois, 60603; **Melissa A. Holyoak, Esq.**, Center for Class Action Fairness, 1718 M Street NW, No. 236, Washington, DC 20036.

SIMONE THOMAS
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311
(305) 903-6935
simonethomas3@yahoo.com

2

  
FEB X 2 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ILLINOIS
Case No. 11-CV-07972

RECEIVED
FEB X 2 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PEARSON, et al.

v.

NBTY, INC., et al.

_________________________________/

**PEGGY THOMAS' NOTICE OF APPEAL**

Notice is hereby given that objecting class member Peggy Thomas appeals to the United States Court of Appeals for the Seventh Circuit from the Court's Memorandum Opinion and Order (Docket No. 143), filed January 3, 2014, and from its Final Judgment (Docket No. 144), filed January 22, 2014, and all opinions and orders that merge therein.

Signed this 1st day of February, 2014

PEGGY THOMAS
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311
(954) 761-1589
peght@yahoo.com

PAID
RECEIPT # 4624114215
FEB X 2 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1ˢᵗ day of February, 2014, the foregoing was furnished via U.S. Mail to: **Clerk of Court, United States District Court, Northern District of Illinois**, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604; **Peter N. Freiberg, Esq.**, Stewart M. Weltman, LLC (Of Counsel Levin, Fishbein, Sedran & Berman), 53 W. Jackson, Suite 364, Chicago, Illinois 60604; **Kara L. McCall, Esq.**, Sidley Austin, LLP, One S. Dearborn Street, Chicago, Illinois, 60603; **Melissa A. Holyoak, Esq.**, Center for Class Action Fairness, 1718 M Street NW, No. 236, Washington, DC 20036.

PEGGY THOMAS
2109 N.W. 12ᵗʰ Avenue
Ft. Lauderdale, FL 33311
(954) 761-1589
peght@yahoo.com

## SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET

**PART I** – Must be completed by party or party's attorney pursuant to Rule 10(b) of the Federal Rules of Appellate Procedure and Rule 11(a) of the Circuit Rules. The appellant must file this form with the court reporter within 14 days of filing the notice of appeal, whether transcript is being ordered or not. (FRAP 10(b)(1)) Satisfactory arrangements with the court reporter for payment of the costs of the transcripts must also be made at that time. (FRAP 10(b)(4)) (Note: Appellees as well as appellants are expected to use this form when ordering transcripts.)

| Short Title | District | D.C. Docket No. |
|---|---|---|
| Nick Pearson, et al v. NBTY, Inc., et al. | Northern District of Illinois, Eastern District | 1:11-cv-07972 |
|  | District Judge | Court Reporter |
|  | James B. Zagel | Blanca I. Lara |

☐ I am ordering transcript.

☐ I am not ordering transcript because:

☑ The transcript has been prepared.

Sign below and return original and one copy to court reporter. Distribute remaining copies to the Clerk of the District Court and opposing party, retaining one copy for yourself.

Indicate proceedings for which transcript is required. Dates must be provided:

Date(s)

☑ Pretrial proceedings. Specify: Hearing on Motion for Final Approval of Class Action Settlement      10/04/2013

☐ Voir Dire

Trial or Hearing. Specify: _____

☐ Opening statement

☐ Instruction conference

☐ Closing statements

☐ Court instructions

☐ Post-trial proceedings. Specify: _____

☐ Sentencing

☐ Other proceedings. Specify: _____

Method of Payment: ☐ Cash      ☑ Check or Money Order      ☐ C.J.A. Voucher

Status of Payment: ☑ Full Payment      ☐ Partial Payment      ☐ No Payment Yet

Signature: s/ *Peter N. Freiberg*

Address: Denlea & Carton LLP
One North Broadway, Suite 509, White Plains, NY 10601

Telephone No. 914-920-7400

Date: February 10, 2014

**PART II** – Must be completed by Court Reporter pursuant to Rule 11(b) of the Federal Rules of Appellate Procedure. By signing this Part II, the Court Reporter certifies that *satisfactory arrangements for payment have been made.*

| U.S.C.A. Docket No. | Date Order Received | Estimated Completion Date | Estimated Length |
|---|---|---|---|
|  |  |  |  |

Signature of Court Reporter: s/ _____      Date: _____

NOTICE: The Judicial Conference of the United States, by its resolution of March 11, 1982, has provided that a penalty of 10 percent must apply, unless a waiver is granted by the Court of Appeals' Clerk, when a "transcript of a case on appeal is not delivered within 30 days of the date ordered and payment received therefor." The penalty is 20 percent for transcript not delivered within 60 days.

Original to Court Reporter. Copies to: ● U.S.C.A. Clerk ● Service Copy ●District Court Clerk and to ● Party / Counsel Ordering Transcript.

# SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET

**PART I** – Must be completed by party or party's attorney pursuant to Rule 10(b) of the Federal Rules of Appellate Procedure and Rule 11(a) of the Circuit Rules. The appellant must file this form with the court reporter within 10 days of filing the notice of appeal, whether transcript is being ordered or not. (FRAP 10(b)(1)) Satisfactory arrangements with the court reporter for payment of the costs of the transcripts must also be made at that time. (FRAP 10(b)(4)) (Note: Appellees as well as appellants are expected to use this form when ordering transcripts.)

| Short Title | District | D.C. Docket No. |
|---|---|---|
| | N.D. Illinois | 11-cv-07972 |
| Pearson v. Target Corporation | District Judge | Court Reporter |
| | Hon. James B. Zagel | Lara Blanca |

☑ I am ordering transcript.
☐ I am not ordering transcript, because:
☐ The transcript has been prepared.

Sign below and return original and one copy to court reporter. Distribute remaining copies to the Clerk of the District Court and opposing party, retaining one copy for yourself.

Indicate proceedings for which transcript is required. Dates must be provided:

Date(s)

☑ Pretrial proceedings. *Specify:* Fairness Hearings      Oct. 4, 2013;

☐ Voir Dire      Nov. 20, 2013

Trial or Hearing. *Specify:* _____

☐ Opening statement

☐ Instruction conference

☐ Closing statements

☐ Court instructions

☐ Post-trial proceedings. *Specify:* _____

☐ Sentencing

☐ Other proceedings. *Specify:* _____

Method of Payment: ☐ Cash    ☑ Check or Money Order    ☐ C.J.A. Voucher
Status of Payment: ☐ Full Payment    ☐ Partial Payment    ☑ No Payment Yet

Signature: /s Theodore H. Frank
Address: CCAF, 1718 M Street NW. No. 236
Washington, D.C. 20036

Telephone No. (703) 203-3848
Date: February 10, 2014

**PART II** – Must be completed by Court Reporter pursuant to Rule 11(b) of the Federal Rules of Appellate Procedure. By signing this Part II, the Court Reporter certifies that *satisfactory arrangements for payment* have been made.

| U.S.C.A. Docket No. | Date Order Received | Estimated Completion Date | Estimated Length |
|---|---|---|---|
| | | | |

Signature of Court Reporter: _____ Date: _____

**NOTICE:** The Judicial Conference of the United States, by its resolution of March 11, 1982, has provided that a penalty of 10 percent must apply, unless a waiver is granted by the Court of Appeals' Clerk, when a "transcript of a case on appeal is not delivered within 30 days of the date ordered and payment received therefor." The penalty is 20 percent for transcript not delivered within 60 days.

*Original* to Court Reporter. *Copies* to: ● U.S.C.A. Clerk ● Service Copy ● District Court Clerk and to ● Party / Counsel Ordering Transcript.

**Certificate of Service**

The undersigned certifies that she caused to be electronically filed the foregoing via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. She also caused for the foregoing to be mailed by First Class postage to the following recipients:

**Pamela M Easton**
250 St. Catherine St.
Florissant, MO 63031

**Peggy Thomas**
**Simone Thomas**
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311

Dated: February 10, 2014

*/s/ Melissa A. Holyoak*
Melissa A. Holyoak

# SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET

PART I – Must be completed by party or party's attorney pursuant to Rule 10(b) of the Federal Rules of Appellate Procedure and Rule 11(a) of the Circuit Rules. The appellant must file this form with the court reporter within 14 days of filing the notice of appeal, whether transcript is being ordered or not. (FRAP 10(b)(1)) Satisfactory arrangements with the court reporter for payment of the costs of the transcripts must also be made at that time. (FRAP 10(b)(4)) (Note: Appellees as well as appellants are expected to use this form when ordering transcripts.)

| Short Title | District | D.C. Docket No. |
|---|---|---|
| | District Judge | Court Reporter |

☐ I am ordering transcript.

☐ I am not ordering transcript because:

☐ The transcript has been prepared.

Sign below and return original and one copy to court reporter. Distribute remaining copies to the Clerk of the District Court and opposing party, retaining one copy for yourself.

Indicate proceedings for which transcript is required. Dates must be provided:        Date(s)

☐ Pretrial proceedings. Specify: _____ _____

☐ Voir Dire _____

Trial or Hearing. Specify: _____ _____

☐ Opening statement _____

☐ Instruction conference _____

☐ Closing statements _____

☐ Court instructions _____

☐ Post-trial proceedings. Specify: _____ _____

☐ Sentencing _____

☐ Other proceedings. Specify: _____ _____

Method of Payment:   ☐ Cash    ☐ Check or Money Order    ☐ C.J.A. Voucher

Status of Payment:   ☐ Full Payment    ☐ Partial Payment    ☐ No Payment Yet

Signature: _____    Telephone No. _____

Address: _____

       Date: _____

PART II – Must be completed by Court Reporter pursuant to Rule 11(b) of the Federal Rules of Appellate Procedure. By signing this Part II, the Court Reporter certifies that *satisfactory arrangements for payment have been made.*

| U.S.C.A. Docket No. | Date Order Received | Estimated Completion Date | Estimated Length |
|---|---|---|---|
| | | | |

Signature of Court Reporter: _____   Date: _____

NOTICE: The Judicial Conference of the United States, by its resolution of March 11, 1982, has provided that a penalty of 10 percent must apply, unless a waiver is granted by the Court of Appeals' Clerk, when a "transcript of a case on appeal is not delivered within 30 days of the date ordered and payment received therefor." The penalty is 20 percent for transcript not delivered within 60 days.

Original to Court Reporter. Copies to: ● U.S.C.A. Clerk ● Service Copy ●District Court Clerk and to ● Party / Counsel Ordering Transcript.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 12, 2014, I caused a copy of the foregoing **SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET** to be filed electronically with the Clerk of the Court and to be served by operation of the Court's electronic filing system to all counsel of record.

*s/Stewart M. Weltman*
Stewart M. Weltman

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NICK PEARSON, FRANCISCO PADILLA,
CECILIA LINARES, AUGUSTINA BLANCO,
ABEL GONZALEZ, and RICHARD JENNINGS,
On Behalf of Themselves and All Others
Similarly Situated,

Case No.:  11 CV 07972

<u>CLASS ACTION</u>

**Judge James B. Zagel**

Plaintiffs,

v.

NBTY, INC., a Delaware corporation; and
REXALL SUNDOWN, INC., a Florida
Corporation; and TARGET CORPORATION, a
Minnesota Corporation,

Defendants.

**DESCRIPTIVE LIST
OF ITEMS TO BE
INCLUDED INTO THE
RECORD ON APPEAL**

Plaintiffs, Nick Pearson, Francisco Padilla, Cecelia Linares, Augustina Blanco, Abel

Gonzalez and Richard Jennings, hereby provide their Descriptive List of Items to be Included

into the Record on Appeal.

Pursuant to Seventh Circuit Rule 10, Plaintiffs specifically request that the following

items be included into the Record on Appeal:

DE 73:          Plaintiffs' Memorandum in Support of Motion for Preliminary
                Approval of Class Action Settlement

DE 113:         Joint Response by Plaintiffs and Defendants to Objections, with all
                Exhibits appended thereto

DE 120:         Plaintiffs' Response to Objections

DE 121:            Plaintiffs' Memorandum in Support of Motion for Final Approval of
                   Class Action Settlement and Award of Attorneys' Fees and
                   Expenses and Incentive Awards

DE 130:            Joint Response by Plaintiffs and Defendants to Objections, with all
                   Exhibits appended thereto

DE 131:            Plaintiffs' Memorandum in Support of Motion for Final Approval
                   of Class Action Settlement and Award of Attorneys' Fees and
                   Expenses and Incentive Awards

DE 132:            Plaintiffs' Response to Objections

DE 137:            Plaintiffs' Supplemental Memorandum of Law in Support of Motion
                   for Final Approval of Class Action Settlement, Attorneys' Fees and
                   Expenses and Incentive Awards

DE 141:            Plaintiffs' Supplemental Submission Regarding Total Payments
                   to be Made to Class Members

Dated:  February 13, 2014

                                    By:   /s/ Stewart M. Weltman
                                    STEWART M. WELTMAN, LLC
                                    53 W. Jackson, Suite 364
                                    Chicago, Illinois 60604
                                    Telephone:  312-588-5033
                                    (Of Counsel: Levin Fishbein Sedran & Berman)

                                    Of Counsel:

                                    Elaine A. Ryan (admitted *pro hac vice*)
                                    Patricia N. Syverson (admitted *pro hac vice*)
                                    BONNETT, FAIRBOURN, FRIEDMAN &
                                    BALINT, P.C.
                                    2325 E. Camelback Rd., Suite 300
                                    Phoenix, Arizona 85016
                                    Telephone: 602-274-1100

                                    *Attorneys for Plaintiffs Nick Pearson, Francisco
                                    Padilla, Cecilia Linares, Augustina Blanco, and
                                    Abel Gonzalez*

By: /s/ Peter N. Freiberg
Peter N. Freiberg (admitted *pro hac vice*)
Jeffrey I. Carton  (admitted *pro hac vice*)
DENLEA & CARTON LLP
One North Broadway, Suite 509
White Plains, New York 10601
Telephone:   (914) 920-7400

*Attorneys for Plaintiff Richard Jennings*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2014, a true and correct copy of the following document was electronically filed and served on all counsel of record in this action who are deemed to have consented to electronic service via the Court's CM/ECF system: **Descriptive List of Items to be Included in Record on Appeal.**

I also certify that the foregoing document is being served by U.S. Mail this day on all counsel of record or *pro se* parties identified below who are not authorized to receive electronically Notices of Electronic Filing.

Peggy Thomas                           Simone Thomas
2109 N.W. 12th Avenue              2109 N.W. 12th Avenue
Ft. Lauderdale, FL  33311            Ft. Lauderdale, FL  33311
(954) 761-1589                          (305) 903-6935
*Pro se* Objector                       *Pro se* Objector


                                                    /s/ Peter N. Freiberg
                                                    One of Plaintiffs' Attorneys

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NICK PEARSON, FRANCISCO )
PADILLA, CECILIA LINARES, )            11 CV 07972
AUGUSTINA BLANCO, ABEL )           Judge James Zagel
GONZALEZ, and RICHARD JENNINGS, )
individually and on behalf of all others )
similarly situated; )
)
                Plaintiffs, )                **NOTICE OF APPEAL**
)
v. )
)
NBTY, INC., a Delaware Corporation; and )
REXALL SUNDOWN, INC., a Florida )
Corporation; TARGET CORPORATION, )
a Minnesota Corporation, )
)
                Defendants. )
_____ )

       Notice is hereby given that Objectors Kathleen McNeal and Alison Paul hereby

appeal to the United States Court of Appeals for the Seventh Circuit from the Final

Judgment and Order (Docket No. 144) entered in this action on the January 22, 2014, and

Memorandum Opinion and Order (Docket No. 143), entered in this action on January 3,

2014.


Dated:  February 21, 2014     LAW OFFICES OF DARRELL PALMER PC

                                    By: /s/ Joseph Darrell Palmer
                                        Joseph Darrell Palmer
                               Law Offices of Darrell Palmer PC
                               2244 Faraday Avenue, Suite 121
                               Carlsbad, CA 92008
                               Phone: 858-215-4064
                               Fax: 866-583-8115
                               Email: Darrell.palmer@palmerlegalteam.com

                               Attorney for Objectors Kathleen McNeal and
                               Alison Paul

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on February 21, 2014, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of Illinois by using the USDC CM/ECF system.

      I certify that all participants in the case who are registered CM/ECF users that service will be accomplished by the USDC CM/ECF system.


            _____/s/ Joseph Darrell Palmer_____
            Joseph Darrell Palmer
            Attorney for Objectors